United States District Court
for the District of N.H.

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 JAN 23 P 12:09

Term 2013

Plaintiff: Dominic Ali

v.

Defendant: Edward Reilly

Civil Action NO. 1:12-pp-00364

## PLAINTIFF'S AMENDED COMPLAINT

NOW COMES, Dominic Ali, sui Juris, hereby submits the following Amended Complaint stating as follows;

### Parties, Venue and Jurisdiction

Plaintiff's Dominic Ali, is a sentence inmates at the Northern Correction Facility, 138 East Milan Road, Berlin, NH 03570. Mr. Ali's setence was imposed on February 2, 2008. He was previously incarcerated at the State prison in Concord, and transferred to the Berlin facility in or around May, 2012.

Defendant Edward P. Reilly is employed as the Warden of the Northern New Hampshire Correction Facility, 138 East Milan Road, Berlin, NH 03570.

Defendant Hoyt is employed as the Chaplain of the Northern New Hampshire Correction Facility in Berlin, New Hampshire.

This Court has jurisdiction over the plaintiff's claims pursuant to the Free Exercise clause of the First Amendment, the Religious Land Use and Institutionalized Person Act, 42 U.S.C. 2000 cc-1(a) ("RLUIPA") and 42 U.S.C. 1983.

## FACTS

In or about May, 2012, Mr. Ali obtained a religious preference card in order to be recognized for the month of Ramadon and by the Department of Correction ("DOC") as a practicing Muslim.

During the period of time that Mr. Ali was incarcerate at the Concord facility, He was House at the close custody units with no access to rehabilitative founction by the prison that provides an area within

which the inmate may reclaim his dignity and reassert his individuality.

From February, 2009, until May, 2012, the Chapel at the New Hampshire State prison did not hold any Islamic Service (Jumu'ah) that meets the religious requirements of Mr. Ali's faith.

Jumu'ah service is the central religious ceremony of the Islamic religion. Jumu'ah is commanded by the Quran and the services must be held collectively by leadership of an Imam and must be held every Friday every week as commanded by the Quran. After noon prayer. See: Olone v. Estate of Shabazz, 482 U.S. 340 (1987) for all Muslim to attend a Congregation prayer.

Bureau of Prisons policy require that weekly congregation for religious services be available for all inmates except those detained in the special housing units, ("SHU") 24 hours lock down inmates.

Jumuah Services must be led by an Imam. Unlike other religion prayers, which are performed individually and can be made up if missed, Jumuah cannot be missed or made up. While the plaintiff believe that a Christian inmate could practice his religion and attend Christmas and Easter services in this prison, without been deprived like others.

The Northern Correction Facility has a long history of bad tendency against Muslims inmates and their rights. Their is Muslim inmates under threats and retaliation by the NCF, if Muslim inmate complaine about Muslims services they will be ship out of State to another prison away from family and love ones, or lost of their Jobs at the prison. Recklessly and callous indifference by the NCF to the Federally Protected rights as the Constitution, the First Amendment.

This is a third preliminary injunction filed with the United State District Court for the District of New Hampshire. The first one was filed on August 15th, 2007, by an inmate house in this facility, complained about Muslims services. Due to the pressure, the administration appointed a new paid volunteer.

Mrs. Dana Hoylt, she allowed Muslims worship to continue for two years according to the complaint. On or about October 15, 2012, an inmate by the name John Knapp who is Muslim, filed a complaint with the (U.S.D.C) N.H. about Muslim services at this facility and nothing have been done. Another complaint by inmate Luis Silva, the warden, Mr. Hoylt and Mr. Christopher H. Kench, Director security and Training who is employed by the N.H. Doc office Commissoner, 105 pleasant St. PO Box 1806, Concord, NH 03302. Excuses that they have no success in finding an Imam to facilitate Muslim services at any of the facilities.

On or about October, 2012, After the plaintiff filed a petition with this Court suit under 42 U.S.C 1983, contending that the policies by NCF offical prevent him from attending Jumauah a Muslim serivces. Two days latter chaplain Hoylt meat with the plaintiff at his housing units, advising him that their is an Imam from the Islamic Society of greater Manchester whos willing to come over on Sunday.

The plaintiff's and other four Muslim inmates meet with the Imam on Sunday and it turn out to be the Imam had some issues with the administration of the NCF, schedule and cooperation.

Muslim inmates requested that whether an Inmate could be allowed to lead the Jumiah Service, or whether, in the alternative, the Muslim inmates could meet for group prayer on Fridays. The defendant stating that policy number PPD 7.17 forbids inmate-led groups and meeting formally without volunteer.

In the instance case, the defendant is in fear of inmates groups meeting that sound like gang activity. Because the respondents cannot prove that the deprivation of Muslim inmates for group prayer was Justified by legitimate penological interest or Compelling interest under (RLUIPA).

"The Supreme Court made clear in O'Lone and Thornburgh, that the Court must examine whether an inmate has alternative means of practicing his or her religion generally, not whether an inmate has alternative means of engaging in the particular practice in question." 227 F.3d at 55"

To date, there have been no Jumu'ah Services at the Berlin facility since Mr. Ali's arrival in May, 2012.

## COUNT I

The plaintiff reports and re-alleges the preceding paragraphs.

The denial of Jumu'ah Services for substantial amount of time violates the Free Exercise clause of the First Amendment, as well as the provisions of RLUIPA

Mr. Ali and other inmates who are Muslim at the Berlin facility have repeatedly requested and have been denied the Jumu'ah Services, which is an essential component of their faith and religious practice.

The NCF's policies with respect to inmates gathering for religious services and requiring an external volunteer to lead the Jumu'ah service unreasonable restrict Mr. Ali's and other inmates' free exercise of their sincerely held religious beliefs, and is not reasonable related to legitimate penological interest.

Accordingly, Mr. Ali requests injunctive relief requiring the holding of Jumuah services on a weekly basis and special arrangement should also be made during the months of long observance of Ramadan, a period of fasting and prayer that during Ramadan Muslims prisoners should be awakened at 4:00 AM for an early breakfast that is Hot insted of cold food every day. and inmates should receive dinner at 8:30 PM each evening at the Berlin Facility, in conformance with Mr. Ali's religious beliefs and requirement of the Muslim religion.

### Prayers for Relief

WHEREFORE, the plaintff respectfully requests that this Honorable Court:

    Issue an injunction requiring the holding of Jumah services on a weekly basis at the Berlin Facility, either by employing an Imam from the Islamic Society of greater Manchester who is willing to provid services. in accordance with Mr. Ali's religious beliefs and requirement of the Muslim religion.

Award the plaintiff his costs and $[redacted] Court fees and for punitive damages, emotional injuries and hostility by staff and the administration for lack of protection under his care incurred in this action.

Grant such other and further relief in favor of the plaintiff as may be deemed just and equitable.

Respectfully Submitted,

/s/ Ali Dominic

/s/ Ali Dominic
12/6/2012

X December 6, 2012 /s/ Angela Poulin
[Notary Seal: ANGELA POULIN, MY COMMISSION EXPIRES AUGUST 10, 2016, NEW HAMPSHIRE, JUSTICE OF THE PEACE]

## Certificate of Service

I, Dominic Ali, hereby certify that a copy of this foregoing was forwarded in the U.S. Mail Mail first class postage address to Mrs. Kathleen A. Broderick, esq #17657, Assistance County Attorney, H.C. this 6th of 2012. A.A.G for Civil Rights Division, DC.

Dominic Ali 81829
138 E Milan Rd
Berlin, NH 03570
c: file

/s/ Ali Dominic

Dominic Ali 81829
138 East Malin
Berlin, NH 03570

12-CV-364-SM

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2013 JAN 23 P 12:09

U.S. District Court
For the District of N.H.
Office of the Clerk
55 Pleasant St, Room 110
Concord, NH 03301-3941

1/16/2013

Dear Mr. Clerk;

The Coos County Superior Court finally advised me what was the hearing of the Habeas Corpus is for. As I thought that this Court must have send my complaint to the Superior Court, I was wrong about that. As my understanding is that my civil action complaint is still pending with this Court.

I'm having some hard time now with funds in making copies of motions and other things. As I corrected this motion to the correct Court, Please amend this complaint to case No "00364".

If you have any questions or concerns, Please do not hesitate to write me.

Very truly yours,
Dominic Ali 81829