United States District Court
for the Dist of N.H.

7/24/2013

Petitioner: Dominic S. Ali

v.

Defendant: Edward Reilly, Warden

Civil No. 12-cv-364-SM

Petitioner's motion for Summary Judgment

NOW COMES, Dominic Ali, Sui juris, respectfully requests this Honorable Court to grant this motion for the following reasons states below;

Before this Court are Dominic Ali's original complaint, and the addenda thereto doc. nos. 1 and 6-8), construed together as the complaint in this action for all purposes. The petitioner asserts claims of violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. 2000cc to 2000cc-5, and his Federal and State Cons Rights.

After a Report and Recommendation date June 3, 2013, issue by the Honorable Court Magistrate Judge (McCafferty, L.) the petitioner has been allowed to go forward with his claims incouding (A) First Amendment, RLUIPA, and part 1, Art. 5 claims for injunctive relief relating to the defendant. Failure to provide access to Jummah services. (B) a damages claim for First Amendment violation pertaning to access to Jummah services against Defendants Hoyt and Reilly. (C) First Amendment, RLUIPA and part 1, art. 5 claims for injunctive relief regarding the denial of reasonably healthy Ramadan food (D) a claims for damages pursuant to 42 U.S.C. 1983. regarding the denial of reasonably healthy Ramadan food against Defendant Hoyt. (E) an equal protection claims for damages and injunctive relief pursuant to 42 U.S.C. 1983. and for injunctive relief under the State constitution regarding the denial of reasonably healthy Ramadan food (F) First Amendment, RLUIPA and part 1, art 5 claims for injunctive relief and for damages pursuant to 42 U.S.C. 1983 against Defendant Watson, Berwick, Massy and Reilly.

Petitioner's initial Complaint is under the <u>Civil Rights Act</u>, Filed on Sept 26, 2012, See; Doc 1) and the Amended Complaint filed on Jan 24, 2013, See; Doc 8) with this Court.

Bureau of Prisons policy require that weekly congregation for religious services be available for all inmates, except those detained in the special housing units, (SHU) 24 hour lock down in a cell.

Jumiah Services is the central religious ceremony of the islamic religion. Jumiah is commanded by the Holy Qur'an and the services must be held collectively by leadership of an Imam and it must be held every friday and every week as commanded, as after noon prayer for all Muslims to attend a congregation prayer, and their is lack of Jumiah services at the Northern Correction Facility since the petitioner filed this claim with this Honorable Court. This Court identifies this claims echo claims of other State prison inmates who have filed (RLUIPA) and First Amendment claims against DOC

officials in this Court. See, e.g. Glenn v. N.H. State Prison Family Connection Ctr. No. 11-cv-475-JD, 2012 WL 2413934 (D.N.H. June 4, 2012, report and recommendation approved, No 11-cv-475-JD 2012 WL 2401734 (D.N.H. June 26, 2012; Knapp v. Kench, No. 11-cv-491-PB, 2012 WL 2061701 (D.N.H. May 14, 2012, report and recommendation approved No. 11-cv-491-PB, 2012 WL 2061598 (D-NH June 6, 12.

   The Supreme Court made clear in O'Lone and Thornburgh, that the Court must examine whether an inmate has alternative means of practicing his or her religion generally, not whether an inmate has alternative means of engaging in the particular practice in question.(quotation and citation omitted)
   The petitioner and other Muslim inmate requested that whether an inmate could be allowed to lead the Jumiah Services and meet for group prayer on Fridays. Because the defendant cannot prove that deprivation of Muslims inmate for group prayer was justified by legitimate penological interest or compelling interest under (RLUIPA). The defendant excuses that policy of NCF forbids inmate led groups and meeting formally without volunteer.

<u>The State defendant's answer to allegation 1-3 1-3 and supporting denials</u>: that defendant Hoyt admits that Jumiah service is the central religious ceremony of the Islamic religion, and that Jumiah services is held weekly. The petitioner beleves that the defendant Hoyt dose and have sufficient personal knowledge that Jumiah must be performed in congregation and that Jumiah is obligatory and cannot be made up. Since filling of these claims with this Court, defendant Hoyt allowed tape recorded video every Friday of Jumiah services from Concord State prison on channel # 12 at the NCF, which is insult to the Islamic religion, and it must be stop. The petitioner respect that defendant Hoyt is not a muslim, But he has no authority to question inmates of why you wanna become a muslim and how many times you pray, etc... or remove Muslim inmates from fasting list. The petitioner beleves that defendant have personal knowledge, that under certain circumstances Ramadan may be extended to 40 days. Because the defendant Hoyt has direct contact with my Imam, Mr. Moshrek Talukeder whom the petitioner ment on Sunday Oct 21, 2012 which he admit o. The Imam would testify to that.

and the rest of the allegation to defendant sufficient knowledge to requirement of the Islamic Religion. Because his answer to Amended Complaint filed on January 24, 2013) Doc 8, pag 10 that chaplain Hoyt did supervise inmate led Jumiah services for approximate two years. When on August 22, 2007, inmate Dennis R. Simpson II filed a preliminary injunction with this court complaining about Salat Jumiah, Ramadan and Eid Ul-Fitr, The State defendant retaliate by shipping him out to another prison and Muslim Services was stop. As to defendant NCF. lack of sufficient personal knowledge or allegation regarding Muslim Services and complaint by inmate Luis Silva, the petitioner provid sufficient proov as attachement with this motion. (A)

To date, there have been no Jumiah services at this Facility, Since Mr. Ali's arrival in May 21, 2012.

## Count 1

The petitioner repeats and re-states the preceding paragraphs.

That denial of Jumiah services for substanial amount of time violate the Free Exercise clause of the First Amendment as well as the provision of RLUIPA;

The petitioner and other inmate who are muslims at NFC, have repeatedly requested and have been denied the Jumiah services which is an essential component of their faith and religious practice;

The NCF policies with respect to inmates gathering for religious services and requiring an external volunteer to lead the Jumiah services unresonable restrict Mr. Ali and all Muslims Free excercise of their sinerely held religious beliefs and in not ransonable related to legitimate penological interest;

Dis-allowed the NCF, and defendant Hoyt with no authority to question or forbids muslim inmates from Exercise their freedom of Religions the Islamic faith;

Accordingly, the petitioner requests injunctive relief requiring the holding of Jumiah Services on a weekly basis by an Imam live, not on T.v. video recorded that more as insult to the Islamic Religion;

The NCF did not mad any special arrangment as requested by the petitioner and other muslim inmates at the NCF, see; (Doc 8) for this year long observance Ramadan;

Restraine the NCF from making any decision to Muslims inmates, without an Imam Recommendation, such staff prison removing inmate from Ramadan list, since they have no authority and lack of personal knowledge that when a muslim is sick from prison hood, he can extend Ramadan to 40 days.

## Prayers for Relief

WHEREFORE, the petitioner Dominic Ali requests this Honorable Court;

Award the petitioner Court fees and punitive damages, emotional injuries and hostility by staff and the administration lack of protection under their care incurred in this action - $360,000.

Grant the petitioner such other and further relief as this Honorable Court deems just and equitable on this Judgment as matter of law.

### Certificate of Service

I, Dominic Ali, hereby, certify under penalty of perjury, that a copy of this motion has been forwarded in the U.S. Mail first class postage address this day 7/24/2013, to the A.G. Office.

C: File

MICHELLE WATSON, Notary Public
My Commission Expires January 27, 2015