UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
Dominic Ali,                                          *
    Plaintiff                              *
                                                  *
v.                                                    *     12-cv-00364-SM
                                                  *
                                                  *
Warden Edward Reilly, Chaplain Dana Hoyt,             *
Scott Watson, John Masse, Shanon Berwick              *
    Defendants                           *
                                                  *
*******************************************

## STATE DEFENDANTS' AMENDED ANSWER

NOW COME Warden Edward Reilly, Chaplain Dana Hoyt, Lts. John Masse and Shanon Berwick, and Corrections Officer Scott Watson (together the "State Defendants"), by and through their counsel, the Office of the Attorney General, and submit this Amended Answer to Plaintiff's Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure stating as follows:

## INTRODUCTION

Plaintiff in the above-captioned action has brought various causes of action against the State Defendants regarding alleged infringements upon his First Amendment right to practice Islam and participate in Ramadan fasting.

After a Report and Recommendation, dated June 3, 2013 (ECF # 9) issued by the Magistrate Judge (McCafferty J.), Plaintiff has been allowed to go forward with claims including: 1) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief relating to the alleged failure to provide access to Jum'ah services; 2) a damages claim for alleged First Amendment violations pertaining to access to Jum'ah services against Defendants Hoyt and

Reilly; 3) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief regarding the alleged denial of reasonably healthy Ramadan food; 4) a claim for damages pursuant to 42 U.S.C. § 1983 regarding the alleged denial of reasonably healthy Ramadan food against Defendant Hoyt; 5) an equal protection claim for damages and injunctive relief pursuant to 42 U.S.C. § 1983 and for injunctive relief under the state constitution regarding the alleged denial of reasonably healthy Ramadan food; and 6) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief and for damages pursuant to 42 U.S.C. § 1983 against Defendants Watson, Berwick, Massy, and Reilly.

The following Answer, on behalf of the State Defendants, responds to Plaintiff's initial Complaint under the Civil Rights Act, filed on September 26, 2012 (ECF Doc. 1) and the Amended Complaint filed on January 24, 2013 (ECF Doc. 8) and responds only to those allegations that remain after the Report and Recommendation.[1]

**Answer to Complaint under the Civil Rights Act filed on September 26, 2012 (ECF Doc. 1)**

1. **State Defendants' Answer to Allegation 1 and Supporting Facts**:

Defendant Chaplain Hoyt admits that Jum'ah service is the central religious ceremony of the Islamic religion, and that Jum'ah service is held weekly. Defendant Hoyt lacks sufficient personal knowledge to either admit or deny the allegations that Jum'ah must be performed in congregation and that Jum'ah is obligatory and cannot be made up and, based thereon, denies the allegations. The remaining allegations contained in Allegation 1 and Supporting Facts, consist of legal conclusions or argument that do not require a response. To the extent a response is

---

[1] While in its June 3, 2013 Report and Recommendation the Court referred to the Complaint as consisting of ECF Docs 1 and 6–8; ECF Doc. 6 consists of a letter to the District Court Clerk and a motion Plaintiff filed in a state court that does not pertain to the instant allegations and ECF Doc. 7 is a duplicate of ECF Doc. 8, but with a state court caption. Therefore, Defendants' answer is only responsive to ECF Docs 6 and 8.

required from the remaining State Defendants they are without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

2. **State Defendants' Answer to Allegation 2 and Supporting Facts:**

Defendant Chaplain Hoyt admits that he is not a Muslim. Defendant Chaplain Hoyt denies the remaining allegations contained in "Allegation 2 and Supporting Facts." Moreover, the remaining allegations in "Allegation 2 and Supporting Facts" contain argument, rhetoric, and legal conclusions that do not require a response. To the extent a response is required from the remaining State Defendants they are without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

3. **State Defendants' Answer to Allegation 3 and Supporting Facts:**

No response is required to Allegation 3 and Supporting Facts as the allegations did not survive the June 3, 2013 Report and Recommendation. Moreover, the allegations contain argument and rhetoric that do not require a response.

4. **State Defendants' Answer to "Supporting Facts: # 3"**

**Paragraph #1 (Pg. 1 of 4, Lines 1–5)**

The State Defendants deny the allegation contained in ¶ 1 of "Supporting Facts: #3" that Defendant Scott Watson is unprofessional or not properly trained to work with religious inmates. No response is required to the remaining allegations in ¶ 1 of "Supporting Facts: #3" as the allegations contain argument or legal conclusions.

**Paragraph #2 (Pg. 1 of 4, Lines 6–27)**

To the extent the allegations contained in ¶ 2 pertain to Defendant Scott Watson's alleged "shakedown" of Plaintiff's cell (lines 6–17) no response is required as the allegations did not survive the June 3, 2013 Report and Recommendation. The State Defendants admit that during

Ramadan it is customary for Muslims to fast during daylight hours for a period of approximately 30 days. The State Defendants lack sufficient personal knowledge to either admit or deny the allegation that under certain circumstances Ramadan may be extended to 40 days and, based thereon, deny the allegation. The State Defendants admit that on or about the morning of August 13, 2012, Plaintiff did not fast, but rather, went to the chow hall to eat. The State Defendants lack sufficient personal knowledge to either admit or deny the allegations as to why Plaintiff decided not to fast and, based thereon, deny the allegations. The State Defendants deny the allegation that the food served to fasting inmates was nutritionally substandard. Finally, the State Defendants lack sufficient personal knowledge to either admit or deny the allegations regarding the meals the Concord facility serves to fasting inmates and, based thereon, deny the allegations.

**Paragraph # 3 (Pg. 2 of 4, Lines 1–6)**

The State Defendants lack sufficient personal knowledge to either admit or deny the allegations regarding the meals the Concord Facility serves to fasting inmates and, based thereon, deny the allegations. The State Defendants lack sufficient personal knowledge to either admit or deny the allegations contained in ¶ 3 that fasting inmates at NCF receive only small portions of meals and that the food is frozen and uncooked and, upon information and belief, deny the allegations. Finally, the State Defendants lack sufficient personal knowledge to either admit or deny the allegations regarding Plaintiff's alleged hunger and weight loss and, based thereon, deny the allegations.

**Paragraph # 4 (Pg. 2 of 4, Lines 7–19)**

The State Defendants deny the allegations contained in the first sentence of ¶ 4. Moreover, the allegations in the first sentence of ¶ 4 contain argument and rhetoric that does not

require a response.  Defendants Scott Watson, Shanon Berwick, and John Masse admit that Defendant Watson brought Plaintiff from the chow hall to John Masse's office.  Defendant Berwick admits that he asked Plaintiff questions about Plaintiff's religion including what his name meant in Islam and how many times a day he should pray.  Defendants Watson, Berwick, and Masse further admit that Plaintiff asked for a grievance and that they responded that they believed a grievance was not warranted.  By way of further answer Defendants Berwick and Masse informed Plaintiff that if he wanted to obtain a grievance form he would first have to follow protocol and request one via filing an inmate request slip.   Defendants Watson, Berwick and Masse deny that they interrogated Plaintiff or that Plaintiff ever asked them to stop asking him questions.  Defendant Edward Reilly admits that following the incident he received a grievance from Plaintiff pertaining to Plaintiff's removal from the Ramadan fast list.  As to the remaining allegations contained in Paragraph # 4 the State Defendants are without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

**Paragraph # 5 (Pg. 2 of 4, Lines 20–26; Pg. 3 of 4, Line 1)**

Defendants Edward Reilly and Dana Hoyt admit that as a result of Plaintiff's decision to go to the chow hall during Ramadan fasting hours prison staff removed Plaintiff from the Ramadan fasting list.  By way of further answer, Defendant Reilly's response to Plaintiff's grievance form conveyed to Plaintiff that individuals participating in Ramadan fasting who went to the chow hall would be removed from the fasting list.  The State Defendants deny that prison staff removed Plaintiff from the Ramadan fasting list without first speaking with Chaplain Hoyt.  The remaining allegations in Paragraph # 5 consist of argument and thus do not warrant a response.  To the extent a response is required from the remaining State Defendants they are

5

without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

**Paragraph # 6 (Pg. 3 of 4, Lines 2–27; Pg. 4 of 4, Lines 1–4)**

The State Defendants deny the first sentence in ¶ 6. The State Defendants admit that on August 22, 2007, inmate Dennis R. Simpson II, who was housed at NCF, filed a preliminary injunction request that asked the court to "enjoin the Defendants from prohibiting Plaintiff . . . from meeting and performing congregational salat, salatal jumna'ah, Ramadhan, and Eid Ul-Fitr . . . ." Defendant Chaplain Hoyt denies the allegation that in response to the lawsuit NCF appointed a paid volunteer. Defendant Chaplain Hoyt further denies the allegation that an individual named Mrs. Dana Hoyt was ever employed at NCF. By way of further answer, Chaplain (Mr.) Dana Hoyt has been Chaplain at NCF from February 25, 2005 to the present. Defendant Chaplain Hoyt denies the allegation that he is incompetent. Defendant Chaplain Hoyt denies the allegations that he did not provide inmates with a healthy environment and that he did not provide nutritionally adequate food. By way of further answer, Chaplain Hoyt is not responsible for, has no decisional control or input into the content of, and does not prepare or serve any Ramadan meals to inmates. Defendant Chaplain Hoyt lacks sufficient personal knowledge to either admit or deny the allegation that the food the fasting inmates received during Ramadan created a danger to the inmates' health and wellbeing and, upon information and belief, denies the allegations. Defendant Chaplain Hoyt lacks sufficient personal knowledge to either admit or deny the allegations that prison staff served fasting inmates "something called birdseeds, that is dry mixed with rocks" and, upon information and belief, denies the allegations. Defendant Chaplain Hoyt denies the allegation that Muslim inmates are not permitted to participate in other religions. By way of further answer, all regular religious events including

services, studies, and rituals are open to all inmates regardless of their declared faith. Certain special events, such as the Native American Sweat Lodge Ceremony, Ramadan, and the Pagan Feasts are limited to inmates of certain declared faiths. The "Christmas party" and "Christmas package" to which Plaintiff refers are officially titled the seasonal party and seasonal package and are open to all inmates regardless of their stated religion. The last sentence of ¶ 6 consists of argument and legal conclusions and thus requires no response. To the extent a response is required from the remaining State Defendants as to the allegations contained in ¶ 6 they are without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

**Paragraph # 7 (Pg. 4 of 4, Lines 5–12)**

The State Defendants admit the allegation that the New Hampshire Department of Corrections (NHDOC) has stopped all inmate-led group meetings and adopted a policy that all congregate inmate meetings must be supervised by prison staff member or a qualified volunteer. By way of further answer, NHDOC made these policy decisions in order to promote prison safety and security. Defendants Edward Reilly and Chaplain Hoyt deny that the allegation that NCF has disallowed Muslim worship. The last sentence of ¶ 7 consists of argument and legal conclusions and thus requires no response.

**Answer to Amended Complaint filed on January 24, 2013 (ECF Doc. 8)**

1. The State Defendants admit the allegations contained in the first sentence of ¶ 1. The State Defendants deny the allegation that Plaintiff's sentence was imposed on February 2, 2008. By way of further answer, upon information and belief Plaintiff began his sentence on February 2, 2009. The State Defendants admit that in May of 2012 the NHDOC transferred

7

Plaintiff from the New Hampshire State Prison for Men in Concord, New Hampshire ("NHSP") to NCF in Berlin, New Hampshire.

2. The State Defendants admit the allegations contained in ¶ 2.

3. The State Defendants admit the allegations contained in ¶ 3.

4. The allegations contained in ¶ 4 are legal conclusions to which no response is required.

5. Defendant Chaplain Dana Hoyt admits that Plaintiff was provided with a religious preference card and that the card permitted Plaintiff to participate in Ramadan and be recognized by the NHDOC as a practicing Muslim. Defendant Chaplain Hoyt lacks sufficient information to either admit or deny the allegation that Plaintiff received the preference card "in or about May 2012" and, based thereon, denies the allegation. To the extent a response is required from the remaining State Defendants, they are without sufficient personal knowledge to admit or deny the allegations and based thereon, deny the allegations.

6. Upon information and belief, Defendant Reilly admits that while at the Concord facility, Plaintiff was classified as a close custody inmate. By way of further answer, Defendant Reilly, upon information and belief, asserts that Plaintiff was not classified as close custody the entire time he was at NHSP, but rather, eventually became a medium and then minimum custody level inmate. Defendant Warden Reilly lacks sufficient information to either admit or deny the remaining allegations contained in ¶ 6 and therefore denies the allegations. To the extent a response is required from the remaining State Defendants to the allegations contained in ¶ 6 they are without sufficient personal knowledge to admit or deny the allegations and based thereon, deny the allegations.

7. Upon information and belief, the State Defendants deny the allegation that the New Hampshire State Prison for Men in Concord did not provide any Islamic services, from February 2009 to May 2012. The State Defendants are without sufficient personal knowledge to admit or deny the remaining allegations contained in ¶ 7 and based thereon, deny the allegations.

8. State Defendant Chaplain Hoyt admits that Jum'ah service is a central religious ceremony of the Islamic religion, that the Jum'ah service is held under the leadership of an Imam, and that the Jum'ah service is held on Fridays. Defendant Hoyt is without sufficient personal knowledge to either admit or deny the remaining allegations in ¶ 8 and, based thereon, denies the allegations. To the extent a response is required from the remaining State Defendants they are without sufficient personal knowledge to admit or deny the allegations and, based thereon, deny the allegations. Finally, to the extent the allegations in ¶ 8 contain argument or legal conclusions no response is required.

9. The allegations of ¶ 9 are legal argument or conclusions to which no response is required.

10. Defendant Chaplain Hoyt admits that Jum'ah services are led by an Imam. Defendant Chaplain Hoyt lacks sufficient personal knowledge to either admit or deny the remaining allegations contained in ¶ 10 and, based thereon, denies the allegations. Further, the allegations regarding Plaintiff's speculative beliefs about the treatment of Christian inmates consist of argument and rhetoric to which no response is required. To the extent a response is required from the remaining State Defendants they are without sufficient personal knowledge to either admit or deny the allegations and, based thereon, deny the allegations.

11. The State Defendants deny the allegations contained in ¶ 11.

12. Defendant Chaplain Hoyt admits that there are two previous matters filed with the United States District Court for the District of New Hampshire concerning the alleged lack of Jum'ah services within the NHDOC. The State Defendants admit that on August 22, 2007, inmate Dennis R. Simpson II filed a preliminary injunction request that asked the court to "enjoin the Defendants from prohibiting Plaintiff . . . from meeting and performing congregational salat, salatal jumna'ah, Ramadhan, and Eid Ul-Fitr . . . ." Defendant Chaplain Hoyt denies that NCF ever appointed a paid employee or volunteer to provide Islamic services to inmates. To the extent a response is required from the remaining State Defendants they are without sufficient personal knowledge to admit or deny the allegations and, based thereon, deny the allegations.

13. Defendant Chaplain (Mr.) Dana Hoyt denies that a Mrs. Dana Hoyt was ever employed at NCF. By way of further answer, Defendant Chaplain Hoyt did supervise inmate led Jum'ah services for approximately two years. The State Defendants admit that in October 2012 inmate John Knapp brought a suit in this Court regarding Islamic services. The State Defendants, upon information and belief, admit that inmate Knapp's suit pertained to Muslim services at NCF. As to the allegations regarding an alleged complaint by inmate Luis Silva, the State Defendants lack sufficient personal knowledge to admit or deny the allegations and, based thereon, deny the allegations. The State Defendants admit that Christopher Kench is employed by the New Hampshire DOC Office of the Commissioner as the Director of Training and Security. The State Defendants admit that Christopher Kench's DOC mailing address is 105 Pleasant Street, P.O. Box 1806, Concord NH 03302-1806. Defendants Chaplain Hoyt and Edward Reilly admit that they have experienced difficulty in finding an Imam to perform Muslim services at NHSP–M and NCF; however, Defendants Chaplain Hoyt and Edward Reilly

deny the allegation that there has been no success in finding an Imam. To the extent a response is required from the remaining State Defendants they are without sufficient personal knowledge to admit or deny the allegations contained in ¶ 13 and, based thereon, deny the allegations.

14. Defendant Chaplain Hoyt admits that in October 2012 he arranged for an Imam associated with the Islamic Society of Greater Manchester to come to the prison to speak with some of the Islamic inmates on a Sunday and that he informed Plaintiff of the meeting. Defendant Chaplain Hoyt denies that Plaintiff's lawsuit motivated the meeting or his contact with the Imam. As to the remaining allegations contained in ¶ 14 Defendant Chaplain Hoyt lacks sufficient personal knowledge to admit or deny the allegations and, based thereon, denies the allegations. By way of further answer, Defendant Chaplain Hoyt contacted the Imam, Mosfek Talukder, on October 16, 2012, after Mr. Talukder attended the Eid feast, an Islamic celebration, at NCF on August 25, 2012. At the Eid feast, Mr. Talukder and Chaplain Hoyt discussed Mr. Talukder coming to the prison on a monthly basis to teach the Islamic inmates and lead them in prayer. Mr. Talukder and Chaplain Hoyt arranged for Mr. Talukder to come up to the NCF for a meeting on Sunday October 21, 2012. To enable interested Muslim inmates to attend the meeting, Chaplain Hoyt met with several of Muslim inmates, including Plaintiff, and invited them to attend the Sunday meeting.

15. Defendant Chaplain Hoyt admits that he and several Muslim inmates met with the Imam, Moshvek Talukder, on Sunday October 21, 2012. Defendant Chaplain Hoyt lacks sufficient personal knowledge to either admit or deny the remaining allegations contained in ¶ 15 and, based thereon, denies the allegations. To the extent an answer is required from the remaining State Defendants, they lack sufficient personal knowledge to admit or deny the allegations contained in ¶ 15 and, based thereon, deny the allegations.

16. Defendant Chaplain Hoyt admits that Muslim inmates have requested that an inmate to be permitted to serve as an Imam and lead the Jum'ah service and to meet as a group for prayer on Fridays. Further, the State Defendants admit that prison policy and procedure prohibits inmate-led groups and also proscribes congregate inmate meetings that are not supervised by a prison staff member or qualified volunteer.

17. The State Defendants admit that gang activity within inmate group meetings is significant safety and security concern. The remaining allegations contained in ¶ 17 consist of argument and legal conclusions and thus do not require a response.

18. The allegations contained in ¶ 18 consist of argument and legal conclusions and thus do not require a response.

19. The State Defendants deny the allegations contained in ¶ 19.

## AFFIRMATIVE DEFENSES

A. Defendants generally deny liability and damages.

B. Plaintiff's claims fail to state a cause of action.

C. Defendants are entitled to and assert all applicable immunities, including but not limited to sovereign immunity, qualified immunity, official immunity and Eleventh Amendment immunity.

D. Plaintiff's claims are barred by the PLRA, 42 U.S.C. §1997e.

E. Plaintiff's claim is barred in whole or in part by the statute of limitations.

F. Plaintiff's claims are barred by comparative fault.

G. Defendants reserve the right to amend their Answer as appropriate during and following discovery.

WHEREFORE, the Defendants respectfully request that this Honorable Court:

1. Deny plaintiff's requests for injunctive relief and damages against defendants in their individual or official capacity; and

2. Grant such other and further relief as this Court deems just and equitable.

Respectfully submitted,

EDWARD REILLY, Warden
DANA HOYT, Chaplain
SCOTT WATSON,
JOHN MASSE,
SHANON BERWICK

By their attorney,

JOSEPH A. FOSTER
Attorney General

Date: August 1, 2013

/s/ Francis C. Fredericks
Francis C. Fredericks, Bar No. 21161
Attorney
Nancy J. Smith, Bar No. 9085
Senior Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-1242; (603) 271-3650
francis.fredericksJr@doj.nh.gov
nancy.smith@doj.nh.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was mailed this 1st day of August 2013, postage prepaid, to:

Dominic S. Ali, # 81829
Northern NH Correctional Facility
138 E Milan Rd.
Berlin, NH 03570

/s/ Francis C. Fredericks
Francis C. Fredericks

13