United States District Court
for the Dist of N.H.

Petitioner: Dominic Ali         7/31/2013

v.

Defendant: Edward Reilly, Warden

Civil No. 12-cv-364-SM

Petitioner's Memorandum of Law in Supports of his motion for Summary Judgment.

NOW COMES, Dominic Ali, sui juris, respectfully requests this Honorable Court to grant this Memorandum of Law for the following reason states below;

Before this Honorable Court are Dominic Ali's Original Complaint, and the addenda thereto doc. Nos. 1 and 6-8) construed together as the Complaint in this matter or action for all purposes. The petitioner asserts claims of violation of the Religious Land Use and Institutionalized Person Act (RLUIPA) 42 U.S.C. 2000cc to 2000cc-5, and his Federal and State Constitutions Rights.

After a Report and Recommendation date June 3, 2013, issued by this Honorable Court Magistrate Judge (McCafferty J.). The petitioner has been allowed to go forward with his claims (A-F) statededed in his motion for Summary Judgment filed on 7/24/13.

## LEGAL ARGUMENT

The petitioner complains that deprivation of Muslim inmates for group prayer was not justified by legitimate penological interest or compelling interest under (RLUIPA). The defendant doubt that Muslim inmates may engage in a particular practice in question. See: *Kay v. Bemis*, 500 F.3d 1214 (10th cir. 2007) Defendant chaplain Hoyt Supervise inmate led Jumiah services for approximately two years, and he also provide the Native American inmates with a reasonable opportunity to pursue their faith by allowing use of the Sweat lodge weekly and certain holidays, But offer no services to Muslims. but excuses that they have no success in finding an Imam. See; *Tellier v. Fields*, 280 F.3d 69 (2d. cir 2001). also; *Mayweathers v. Newland*, 258 F.3d 930 (9th cir, 2001).

Muslim inmates requests that whether an inmate could be allowed to lead the Jumiah Services or whether in the alternative the Muslim inmates would meet for group prayer on Fridays. The defendant states their policy forbids led groups and meeting normally without volunteer. Chaplain Hoyt is a paid volunteer and works for the NCF. His job is to provide services for all inmates - who sincerely held their religious faith and beliefs. The NCF act is motivated by malicious intent to deprive Muslim prisoners of there Constitutional Rights and the provision of (RLUIPA).

Their is no hesitation in concluding that the law was clearly established at the time of this occurrence. The defendant knew or should have known about the law, and that they were aware of the violation of the petitioners First Amendment rights through there conduct. See; <u>Procunier v. Navarette</u>, "434 U.S. 555," L.ed. 2d (1978) The defendant conduct was not objectively reasonable and he is not entitled to qualified immunity. See; <u>Cruz v. Beto</u>, "405 U.S. 319," L.ed. 2d (1970).

The denial of Jumiah Services for substantial amount of time violates the Free Exercise clause of the 1st Amendment as well as the provision of (RLUIPA). See; Cooper v. Pate, 382 F.2d 518 (7th cir. 1967). Qualify immunity dosen't act as a shield for individuals who knowingly violate the law. This Honorable Court identified the petitioner's claims echo other State prison inmates who have filed (RLUIPA) and 1st Amendment claims against the "Doe" officials in this Court. see; Hayes v. Long, 72 F.3d 70 (8th cir. 1995). The NCF Official have been aware of Mr. Ali's Rights and have known about the other cases filed in this Court for the same persons See; Smith v. Wade, 461 US. 30. L.ed. 2d (1983).

Jumiah Services is the central religious ceremony of the Islamic religion and is commanded by the Holy Qur'an and the services must be held collectively by leadership of an Imam and must be held every Friday weekly. And the defendant denies those rights and requirement of Mr. Ali's faith and other Muslims, But to add to the injuries and insulting Mr. Ali's faith by playing his prayers on Cable T.V. recorded how long, who knows, disregarding Bureau of prison ("BOP")

policies and procedures. See; <u>Wares v. Simmons</u>, 524 F.Supp.2d 1313 (D.Kan 2007) The defendant refusal to allow the observance of a central religious practice cannot be justified and violates the petitioner's First Amendment rights. See; <u>Shabazz v. O'Lone</u> 782 F.2d 416 (CA3 1986) (Footnotes omitted) Also; <u>Pell v. Procunier</u>, "417 U.S. 817" (1974) So far, the NCF Official did not produce convincing evidence that they are unable to satisfy their institution goals in any way that does not infring inmates free exercise rights. to this Honorable Court. The religious ceremony that Muslim inmates seek to attend is not presumptively dangerous, and the prison has completely foreclosed petitioner participation. Since they cannot demonstrate to this Court, that the restriction they have imposed of group prayer are necessary to further an importance government interest, and that these restriction are no greater then necessary to achieve prison objective. See; <u>Abdul Wali v. Coughlin</u>, 754 F.2d 1015 (CA2 1985). The Courts analytical framework in Abdul Wali recognizes that in many instances, it is inappropriate for courts to substitute our judgments for those of trained professionals

with years of first hand experience," ibid. It would thus apply a standard of review identical to the Court "reasonableness" standard in a significant percentage of cases. At the same time, the Abdul Wali approach takes seriously the constitution's function of requiring that official power be called to account, when it completely deprives a person of a right that society regards as basic.

The Honorable Court would notice, that the NCF has neither demonstrated that restriction is necessary to further an importance objective no proved that less extreme measures may not serve its purpose. Page 362. See, also American Correction Association, Manual of Correction Standards XXI (2d ed. 1966)

"Religion represents a rich resource in the moral and spiritual regeneration of mindkind Especially trained chaplains religious instruction and counselling, together with adequate facility her group worship of the inmate's own choice are essential element in the program of a Correction institution". This is particually true in light of fact that black Muslim in Prison in this country have not always been provided the same opportunities to pratice their religion as other denomination. As the American Bar

Association Section of Criminal Justice has observed: The real problem comes not with facilities for religious services, but with attempt of prison officials to prevent or restrict certain religious movements within the prison." Chief among these movements has been the black Muslims, whose lawsuits to compel recognition of their religion were the opening volley in prison litigation. See; Sostre v. McGinnis, 334 F.2d, 906 (2d cir. 1964) also, Pierce v. Lavalle, 293 F.2d 233 (2d cir. 1961) on remand, 212 F-supp 923 (sup ct 1965) ABA Committee on the legal status of prisoners (Ten. Draft 1977), 14 Am. Crim. L. Rev. 377, 508 (1977).

According to Muslim scholars and Imams who would offer evidence on behalf of the petitioner attendance at the Friday Sabbath Services known as Jumah is commanded by the Quran, and services must be held collectively under the leadership of an Imam. See; O'Lone v. Estate of Shabazz, 482 U.S. 340 (1987).

Restriction on religious practices is more likely to mean that a prisoner cannot practice his religion generally. For example, complete prohibition on a Catholic's ability to attend Mass would mean a deprivation of his right to practice his religion generally, much as would draw. See; Mayweather v. Terhune, E.D. Cal 2004, 328 F.Supp

2d, 1086.

that conclusion about a regulation barring the inmate's access to Jumiah services. citing the observation in O'Lone, that the Qur'an commands Jumiah attendance. The Court in O'Lone made an accurate citation to the Qur'an in support of this position. O'Lone, 482 U.S. at 345, 107 S.Ct. 2400.

RLUIPA, designed to redress the harms that result from preventing prison inmates from exercising their religions. The statute's legislative history indicates that it was enacted to prevent correctional institutions from restricting "religious liberty in egregious and unnecessary ways." 146 Cong Rec. S7774 (7/27/2000. (Joint Statement of Senators Hatch and Kennedy) (RIP). The statute endows federal courts with broad remedial power to correct such harms, and provides that the "Act shall be construed in favor of a broad protection of religious exercise to maximum extent permitted by the terms of this Act and the Constitution." 42 U.S.C. 2000cc-3(g).

RLUIPA address a much more specific problem than the Habeas statutes and within that specific area, erects no exhaustion barrier and gives this court the power to remedy wrongs.

8 of 10

## Conclusion

For the forgoing reason, the petitioner states and pray's that;

(A) Holding of Jumiah services on a weekly basis by an Imam, not a recorded video tape;

(B) Restraine the NCF, from making any decision or impose any form of restriction without an Imam Recommandation, or the Qur'ian:

(C) Award the petitioner Court fees and punitive damages, emotional injuries and hostility by the NCF staff and the administration lack of protection under their care inacurred in this action, $350.000:

(D) Deny the defendants all applicable immunities and excuses;

(E) Grant the petitioner motion for Summary Judgment as a matter of law;

(F) Grant the petitioner such other and further relief as this Honorable Court deems just and equitable.

## Certificate of Service

I, Dominic Ali, Sui Juris, certify under penalty of perjury, that a copy of this Memorandum of Law in support of the motion for summary judgment, has been forwarded U.S. first class mail postage address this day 7/31/2013 to the A.G. Office N.H.



_____    _____
Dominic Ali #81824
138 East Milan Road
Berlin, NH 03570
e-file.

10 of 10

Dominic #15 81829
138 East Milan Road
Berlin, NH 03570

U.S.D.C.
Clerk of Court
55 Pleasant St, R.110
Concord, NH 03301

7/31/2013

Dear Mr. Clerk;

  I beleves that this Court would like me to file all these document at the same time. the reason I couldn't do so, because my time at the law library, not engh - its twice a week, 8:30 - 10:20 Am and 10:30 - 11:20 Ams. Sometime I need money upfrant for copies - They change the way we make copies now. Just deprivation to inmates who's working on their cases. I'm doing the best I could to make this right - plus I'm doing this with empty istomic. its Ramadan now.

  If you have any question, please write back.
    Thank You