UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

```
*******************************************
Dominic Ali,                               *
      Plaintiff                            *
                                           *
v.                                         *    12-cv-00364-SM
                                           *
                                           *
Warden Edward Reilly, Chaplain Dana Hoyt,  *
Scott Watson, John Masse, Shanon Berwick   *
      Defendants                           *
                                           *
*******************************************
```

### STATE DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

NOW COME Warden Edward Reilly, Chaplain Dana Hoyt, Lts. John Masse and Shanon Berwick, and Corrections Officer Scott Watson (together the "State Defendants") by and through their counsel, the Office of the Attorney General, and submit this Cross-Motion for Summary Judgment and Objection to Plaintiff's Motion for Summary Judgment:

### I.  INTRODUCTION

1.    Plaintiff, Dominic Ali, is an inmate at the Northern New Hampshire Correctional Facility in Berlin, New Hampshire (NCF).  Plaintiff has been incarcerated in New Hampshire since February 2, 2009.  On May 22, 2012, the New Hampshire Department of Corrections transferred Plaintiff from the New Hampshire State Prison for Men in Concord, New Hampshire (NHSP) to NCF.

2.    Plaintiff's various causes of action against the State Defendants each concern alleged infringements upon his right to practice Islam and participate in Ramadan fasting at NCF.  Specifically, Plaintiff's complaint asserts that NCF personnel violated his rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc et. seq. (RLUIPA),

1

the Free Exercise Clause, the Fourteenth Amendment Equal Protection Clause, and New Hampshire Constitution Part I, Article 5.

    3.    By Report and Recommendation (ECF Doc. 9), the Magistrate Judge (McCafferty J.), permitted Plaintiff to go forward with several claims including: 1) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief relating to NCF's alleged failure to provide access to Jum'ah services; 2) a damages claim for alleged First Amendment violations pertaining to access to Jum'ah services; 3) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief regarding the alleged denial of reasonably healthy Ramadan food; 4) a claim for damages pursuant to 42 U.S.C. § 1983 regarding the alleged denial of reasonably healthy Ramadan food; 5) an equal protection claim for damages and injunctive relief pursuant to 42 U.S.C. § 1983 and for injunctive relief under the state constitution regarding the alleged denial of reasonably healthy Ramadan food; 6) First Amendment, RLUIPA, and Pt. 1, Art. 5 claims for injunctive relief regarding Plaintiff's removal from the Ramadan fasting list; and 7) a claim for damages pursuant to 42 U.S.C. § 1983 regarding the removal from the Ramadan list.

    4.    Even viewing the facts in the light most favorable to Plaintiff, this court should grant Defendants' cross-motion for summary judgment because Plaintiff has failed to exhaust the prison's internal grievance system. Plaintiff's failure to file administrative requests and grievances according to the procedures and timelines established by the New Hampshire Department of Corrections prevented prison administration from addressing Plaintiff's complaints internally according to its own structured grievance process. Consequently, all of Plaintiff claims are barred by the Prison Litigation Reform Act (PLRA). *See* 42 U.S.C. § 1997e(a).

5. Additionally the facts as pled do not demonstrate that Defendants have imposed a substantial burden on Plaintiff's religious exercise, that Plaintiff is unable to practice his religion due to any actions for the Defendants, or that the Defendants practices violate the Establishment clause, the Equal Protection clause or New Hampshire Constitution Part I, Article 5. In the alternative, even if the Court finds facts sufficient to establish a substantial burden under RLUIPA or the First Amendment, the imposition of that burden is in furtherance of a compelling governmental interest, and is the least restrictive means of furthering the compelling governmental interest; therefore, Defendants have not violated RLUIPA or any state or federal constitutional provision and are entitled to judgment as a matter of law.

6. A memorandum of law is submitted is support of this motion. LR 7.1(a)(2).

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

A. Deny Plaintiff's Motion for Summary Judgment;

B. Grant Defendant's Cross-Motion for Summary Judgment; and

C. Grant any additional relief that is just and equitable.

Respectfully submitted,

By their attorneys,

JOSEPH A. FOSTER
Attorney General

Date: August 22, 2013

/s/ Francis C. Fredericks
Francis C. Fredericks, Bar No. 21161
Attorney
Nancy J. Smith, Bar No. 9085
Senior Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-1242; (603) 271-3650
nancy.smith@doj.nh.gov
francis.fredericksJr@doj.nh.gov

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was mailed this 22nd day of August 2013, postage prepaid, to:

     Dominic S. Ali, # 81829
     Northern NH Correctional Facility
     138 E Milan Rd.
     Berlin, NH 03570

                         /s/ Francis C. Fredericks
                         Francis C. Fredericks