

**STATE OF NEW HAMPSHIRE**

**DEPARTMENT OF CORRECTIONS**

**OFFICE OF THE COMMISSIONER**

P.O. BOX 1806

CONCORD, NH 03302-1806

603-271-5610   FAX: 603-271-5643

TDD Access: 1-800-735-2964

Will
Commissioner

**Christopher H. Kench**
Director of Security &
Training

DEFENDANT'S EXHIBIT NO. H-1

September 13, 2012



Peter Clark
Special Assistant for Constituent Services
Office of U.S. Senator Jeanne Shaheen

Mr. Clark,

      I am in receipt of the correspondence from Senator Shaheen's office, regarding inmate Dominic Ali who would like to be transferred to a Maine state prison to be closer to his mother.

      Unfortunately, we do not consider requests for transfer for personal reasons. We have many inmates from all over the country. Often they will request out of state placement so they can be near their families. However, the out of state transfer of inmates is very costly and with budgets as they are we cannot afford unnecessary expenditures.

      Out of State transfers are currently done only in cases where the inmate's safety is in question, or the inmate needs to be moved to assure institutional security.

Sincerely,

Christopher H. Kench, Director
Security and Training
NH Department of Corrections
PO Box 1806
Concord, NH 03301

Promoting Public Safety Through Integrity, Respect, Professionalism

Dominic Ali 81809
132 East Milan Road
Berlin, NH 03570

Jeanne Shaheen, DNH
520 Hart Senate Office Building
Wash, DC 20510

Dear Mrs. Shaheen;

The Hillsborough County
Northern grand Jury Convicted me on Sept 26, 2008, for two
acts that happened on February 4, 2008, And I was
sentence the Honorable Court (J. Barry) to six years in
prison. This Case under the United State District Court as
you read this letter. See: 1:12-cv-00185-Ali-v-NH State prison
Warden Petition for writ of Habeas Corpus.

I'm a political Refugee born in Kartrtoum Sudan August
8, 1985, that I lived with my extended family until
I was sixteen years old. At that age I fled from
Sudan to Egypt with my family and left the rest
behind, not Knowing if the rest of my family are
still alife due to the Civil war in Sudan.
I lived in Egypt for one year and then my Mother
who is a U.S. Citizen Now, we were granted in 2000
a refugee status through the United Nation and we
were resettided in the United State and immediately
relocated to Manchester New Hampshire. In the summer
of 2006, my Mother moved to Portland Maine for
Jobs chances after she lost herr at the Manchester
Boston Airport.

I continued living in this State and worked as a Welder and a technical Mechanical with the North America Upliters Inc and continued my education with Manchester School of Technology. M.S.T Until I lost my Job in Spet 16, 2006. Then a year letter I come to prison, And I take responsibility.

I am writting you this letter because I have ask the New Hampshire State prison for transportation to the Maine State prison 14 teen Months ago by densine H. offenders Record. she states " that she does not take for voluntary transfer at two times. and offer no more details of why I could not be ship to Maine State prison when I gave her more details of why I need to be ship.

My mother still Lives in the State of Maine and finding it hard to come visit and shes sick. she take the bus from portland to Boston and to New Hampshire. Manchester some time if concord line is N/A Even its hard when I have night shiftps due to the Units movements that happened anytime. Now I living in the Berlin Facility Warten and its more harder now. I spoke to the Unit Councilor about this problem and she offer no help. This is an emergency and I need your help. I have deportation pending by for the U.S. Department of Justice/ICE that I need to spend more time with my family befor been deported back to Sudan.

FORWARD OBAMA 4 MORE YEARS.

~ U.S. Depart of State iBureal of African Affairs. B₀₀₀ₐₙⁿₐₐᵈ
Note: Sudan, htt:// www State.gov, r/8ri.pi/6y₀/13424. htmA -
See

JEANNE SHAHEEN
NEW HAMPSHIRE

SUITE SH-520
HART BUILDING
WASHINGTON, DC 20510
(202) 224-2841

# United States Senate

WASHINGTON, DC 20510

January 11, 2013

Dear Commissioner Wrenn,
# 81829

I have been contacted by my constituent, Mr. Dominic Ali who is presently an inmate at the federal prison in Berlin, New Hampshire regarding the important issue he is experiencing with the prison.

I have enclosed Mr. Ali's inquiry for reference purposes. I believe you will find the letter self-explanatory.

who is
this??

I would appreciate any assistance you are able to offer Mr. Ali. Please respond directly to Mr. Young if appropriate. He may be reached at his home address at 138 East Milan Rd, 81829, Berlin, NH 03570.

Thank you for your attention to this matter.

Sincerely,

Jeanne Shaheen

Jeanne Shaheen
United States Senator

Enclosure

Damien Ali 81801
138 E Mullin Rd
Berlin, NH 03570

U.S. Senate
Senator Jeanne Shaheen          Dec 13, 2012
Suite 56, 520 Wash, DC 20510

Dear Mrs. Shaheen:
                    As you know I'm an
inmates at the Northern Correction Facility Berlin.
I have recived four letter and the Doc respond
to my issues like evertime, with excuses. I'm
still here.
      I have isues with NCF not given my
State pay for the Last two months. I know
I have been making legal paper work copies at
the library, not with all my money. History
showed these Kind of Problem is the NCF
retalation to inmates, as this copy of Amended
Complaint attach. Problems with my malls not
been given to me, its been more than four
months now and I havent recived any
mails. NCF staff would send mail back
for any Kind of reason, such as inmate*No
or make any excuses for me not to have
my malls.

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT



Coos Superior Court
55 School St., Suite 301
Lancaster NH 03584

Telephone: (603) 788-4702
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

## ORDER OF NOTICE
## HEARING SCHEDULED

Case Name:    Dominic S. Ali v Edward Reilly, Warden
Case Number:  214-2012-CV-00178

A petition has been filed against you in this Court. A copy of the petition is attached.
The Court has scheduled the following: **Video Habeas Corpus Hearing**

**Date: January 04, 2013**          **Location: 55 School St., Suite 301**
**Time: 1:30 PM**                   **Lancaster NH 03584**
**Time Allotted: 30 Minutes**

### The Court ORDERS that ON OR BEFORE:

November 01, 2012          Dominic S. Ali shall have this Order of Notice and the attached Petition
                           served upon Edward Reilly, Warden in hand or abode.

November 15, 2012          Dominic S. Ali shall file the return of service with this Court. Failure to do
                           so may result in this action being discontinued without further notice.

November 15, 2012          Edward Reilly, Warden shall file a written appearance form with this Court.
                           A copy of the appearance form must be sent to the party listed below and
                           any other party who has filed an appearance in this matter.

December 15, 2012          Edward Reilly, Warden must file a plea, answer, demurrer or other
                           response with this Court. A copy of the plea, answer, demurrer or other
                           response must be sent to the party listed below and any other party who
                           has filed an appearance in this matter.

**Notice to Edward Reilly, Warden:** If you do not comply with these requirements, you will be
considered in default and the Court may issue orders that affect you without your input.

Send copies to:
Dominic S. Ali                     Northern Correctional Faciltiy #81829
                                   138 East Milan Road
                                   Berlin NH 03570

If you will need an interpreter or other accommodations for this hearing, please contact the court
immediately.

Please be advised (and/or advise clients, witnesses, and others) that it is a Class B felony to carry a
firearm or other deadly weapon as defined in RSA 625.11, V in a courtroom or area used by a court.

                                   BY ORDER OF THE COURT

October 16, 2012                   David P. Carlson
                                   Clerk of Court

(463)

NHJB-2500-S (07/01/2011)

*Exibit B*

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Coos Superior Court
55 School St., Suite 301
Lancaster NH 03584

Telephone: (603) 788-4702
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

### NOTICE OF DECISION

DOMINIC S. ALI
NORTHERN CORRECTIONAL FACILTIY #81829
138 EAST MILAN ROAD
BERLIN NH 03570

*Two different cases*

Case Name:     Dominic S. Ali v Edward Reilly, Warden
Case Number:   214-2012-CV-00178

Please be advised that on December 07, 2012 Judge Bornstein made the following order relative to:

Defendant Motion to Amend his Memorandum of Law in Support of his Motion to Withdraw Nolo Contendere Plea - Granted.

*438-2004-CR-*
*01627*

December 10, 2012

David P. Carlson
Clerk of Court

(463)

C: Kathleen A. Broderick, ESQ; BRETT J HARPSTER, ESQ

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos County, ss

State of N.H.

v.

Dominic Ali                    Exhibit B

Doc No # 438-2004-CR-01627

Defendant motion for Permotion to Amend
his memorandum of law in Support of
his motion to withdraw Nolo Contendere Plea

   Now Comes, Dominic Ali, sui Dveis, respectfully
request this Honorable Court to grant this
motion for the following reason states bellow

   The defendant has a motion to withdraw a
Nolo contendere Plea that was not intelligently
and voluntrily made. The defendant states that
his Attorney did not proved true advice and
professional opinon and failed to disclose
material facts and misrepresentation of material
facts and not routinely explaind the nature of
the offense or plea in Sufficient detail. See-
Boykin v. Alabama, 395 U.S. 238 (1969) Also
State v. Shankey, 156 NH 638 (2009)

1 of 6

Back Ground

A Domestics violence Final order issued
pursuant to RSA 173-B:9,10 On April 5, 2004
by the Hillsborough County Superior Court that
was filed under false allegation When there was
insufficient allegation of facts to support the
issuance of an ex-part temporary protictive
order to the plaintiff. See: Fillmore at 147 NH 233

On March 24, 2004, The plaintiff filed a Petition
for Domestic violence Pursuant to RSA 173-B with
the Hillsborough County Superior Court Doc. 04-m-44
The Court having consider the plaintiff Petition the
Court issued a Summoned for the defendant to
appear before the Court on April 8, 2004. for a
hearing, for the defendant testimony. Some how
in this case, with respect to the Court, the
Hillsborough County Superior Court never summoned
the defendant, because the Court do not have record
of the issued summoned for the defendant. See
Exhibit (A 1  )

On April 1, 2004, the defendant was order
to appear before the Court to answer to the
Complaint charging him simple Assault RSA
631:2-A, and stalking-Appear RSA 633:3-A, that
2 of 6 accured in March 27, 2004. See: Exibit 4

After he was arrested without been seared with
the Domestic Violence petition at his residence
335 Cedar St. Manchester NH. 03103. The defendant
plead not guilty and trial was scheduled on
May 26, 2004. Both charges were dismissed by
the Court. See = Exibit(A 2 ) Judge
Norman E. Champagne.

Parallel Citation

This is the same issues five month latter. On
August 29, 2004, the defendant EX. Girl friend found
out that she was five months pregnate and the
defendant wants nothing to do with her, she by
anger and slander reported to the New Boston
P.D. that the defendant violated a Domestic
Violence Final order issued by the Superior Court,
And the defendant was arrested again on a
active warrant. After a hearing, the Goffstown
District Court sentence the defendant to (29) Days
credit by his incompetent assistance of Counsel
Mr. Ryan Norwood who was only interested in a
fee, Ci Davis v- Alaska, 415 U-S. 308 (1974)

Strickland v. Washington, 466 U.S. 668.
(1984). The Court of appeals agrees, that the
six Amendment impose on Counsel a duty
to investigate because a reasonable effective
assistance must be based on professional
decision, and informed legal choises. can

3 of 6

be made only after investigation of
options. The Court observed that Counsels
investigatory must be assessed in the
light of the information known at the
time of the decision not in hindsight, and
the amount of pretrial investigation that is
reasonable defense measurement.
Strickland Holds were Counsel does not provid
such information, Counsel has performed
ineffectively, and the Court must Judge the
reasonableness of Counsel on the Part to the
Particular Case. In the instance Case, Attorney
Rosyn Norwood from the public Defendant office
failure to consider all circumstances to investigate
the plaintiffs lies and false allegations
were their is no a specifict finding Criminal
Conduct in order for the Court to issue that
restraining order against the defendant were
he did not familiarize him self with the
discovery and neither did he provid the
defendant with the discovery. See:
Williams v. Washington, 59 F.3d 673 (7th Cir.
1995) also, Bradly v. Maryland, 373 U.S. 83 (1963)
Also; State v. Laurie, 139 NH 325 (1995).
Attorney Rosyn Norwood for the defendant
did not review all Possibilities for exculpatory
evidence that existed in this case and never
4 of 6    requested them or move for them.

See. State v. Laurie, 139 NH 325 (1995) also State v. Symonds, 131 NH 532 (1989).

The due process clause of the Fourteenth Amendment requires that a plea of guilty be made knowingly and voluntarily, because it involves a waiver of constitutional rights on the part of the person making the plea

The rule requires that the Court must address a defendant in open Court to make sure that their is a clear understanding between the Court and the defendant of the following;
① The nature of the charges
② The guilty plea was free from coercion
③ The consequence of the guilty plea
④ Defendants rights to a trial by Jury
⑤ The right to testify and call witness.
⑥ The right to cross-examine witness and the privilege against self incrimination

The Goffstown District Court have no record showing the defendant knowingly and voluntarily waives these Constitutional Rights. Counsel for the defendant threaten him to take a plea Nolo because "it meant nothing"

Court records showed the defendant had, See: Henderson v. Morgan, 426 U.S. 637 L ed 2d (1976)

these allegation dismissed. This is the part
of the state to comont conspiracy to unlawful
goals. This prosecution misconduct seriously
affect the fairness integrity or public reputation
Judicial Proceeding: see: State v. MacInnels, 151
NH 732 (2007). And counsel for the defendant
failed to subject prosecution to the meaningfull
adversarial challenge. See: U.S. v. Dimenes, 270
F.3d 554 (CA8cr.2001) But to misinforme the
defendant about the true nature of the
offense Nolo conviction. The court acceptance
of the defendant plea violated his due process
of law as gurented by Part(1) article (15) of
the State of N.H. Constitution and Federal.

## Conclusion

The defendant respetfully request this
Honorable Court to vacute his conviction of
Nolo contendere plea and dismissed with
Prejudice porduce, and to correct a manifost
injustice.

## Certibrate of Service

I, Dominic Ali, herby certify under ponalty of
purjury, that a copy of this motion was
forwarded to AG office. Nov 1, 2012

6 of 6

Dominic Ali

Second issue is with the Department of Justice. Manchester Assistance Court attorney Kathleen A Broderick, having conspiracy and confusion about two cases I filed with the Court of Law, Coos county Superior Court. I informed the clerk Mr David P Carlson, Deputy Attorney General Mrs Anne Rice, concord, and the clerk of the U.S. District Court, Concord NH who send this case to the Superior Court and the hearing was set on January 04, 2013. The State did not object to motion to have a lawyer but the Court Judge Peter H. Bornstein denied motion for Counsel. Judge Bornstein is allowing these conspiracy and confusion by granting motion that have nothing to do with the case. And I address this issues with all names given, providing the U.S. Department of Justice - Attachment is given. I Just want you to Know that I'm been given my constitutional Rights to due process of law. paper trail.

Respectfully Submitted,

Mr Dominic Ali

THE STATE OF NEW HAMPSHIRE

SUPERIOR COURT

Coos, ss

Dominic S. Ali

vs.

Edward Reilly, State Prison Warden

Case NO# 214-2012-CV-00178

Plaintiff's Amended Complaint

NOW COMES, the plaintiff, Dominic Ali, hereby submits the following Amended Complaint stating as follows:

Parties, Venue and Jurisdiction

Plaintiff, Dominic Ali, is a sentence inmate at the New Hampshire State Prison, 138 East Milan Road, Berlin, N.H 03570. Mr. Ali's sentence was imposed on February 2nd, 2008, He was previously incarcerated at the State Prison in Concord, and transferred to the Berlin facility in or around May, 2012.

Defendant Edward P. Reilly is employed as the Warden of the Northern New Hampshire Correction Facility, 138 East Milan Road, Berlin, NH 03570.

Defendant Hoyt is employed as the chaplain of the Northern New Hampshire Correction Facility in Berlin, New Hampshire.

This Court has jurisdiction over the plaintiffs Claims pursuant to the free Exercise clause of the First Amendment, the Religious land Use and Institutionalized Person Act, 42 U.S.C. 2000 cc-1(a) ("RLUIPA") and 42 U.S.C. 1983.

Facts

In or about May, 2012, Mr. Ali obtained a religious preference card in order to be recognized for the month of Ramadan and by the Department of Correction ("DOC") as a practicing Muslim.

During the period of time that Mr. Ali was incarcerate at the Concord facility, He was House at the close custody units with no access to rehabilitative founction by the prison that provides an area within

2 of 9

which the inmate may reclaim his dignity
and reassert his individuality.

From February, 2009, until May, 2012, the
Chapel at the New Hampshire State Prison
did not hold any Islamic Service (Jumuah)
that meets the religious requirements of Mr. Ali's
faith.

Jumuah service is the central religious
ceremony of the Islamic religion. Jumuah is
commanded by the Quran and the services
must be held collectively by leadership of
an Imam and must be held every Friday every
week as commanded by the Quran. After noon
prayer. See: Qlone v. Estate of Shabazz, 482
U.S. 340 (1987) for all Muslim to attend a
congregation prayer.

Bureau of Prisons policy require that
weekly congregation for religious services be
available for all inmates except those detained
in the special housing units (SHU) 24 hours lock
down inmates.

3 of 9

duwwah Services must be led by an Imam.
Unlike other religion prayers, which are performed
individually and can be made up if missed,
dumwah cannot be missed or made up. While
the plaintiff believe that a Christian inmate
could practice his religion and attend Christmas
and Easter Services in this prison, without
been deprived like others.

The Northern Correction Facility has a
long History of bad tendency against
Muslims inmates and their rights. Their is
Muslim inmates under threats and refundtion
by the NCF. IF Muslim inmate complains
about Muslims services they will be ship out
of State to another prison away from family
and Love ones, or lost of their jobs at
the prison. Recklessly and callous indifference.
by the NCF to the Federally protected
rights as the Constitution, the First Amendment.

This is a third preliminary injunction filed
with the United State District Court for the
District of New Hampshire. The First one was
filed on August 15th, 2007, by an inmate house
in this facility, complained about muslims
services. Due to the pressure, the administration
4 of 9 appointed a new paid volunteer.

Mrs. Dana Hoyt, She allowed Muslims
worship to continue for two years according
to the complaint. On or about October 15, 2012,
an Inmate by the name John Knapp who is
Muslim, filed a complaint with the (U.S.D.C)
N.H. about Muslim services at this Facility.
and nothing have been done. Another complaint
by inmate Luis Silva, the warden, Mr. Hoyt
and Mr. Christopher H. Kench, Director security
and Training who is employed by the N.H. Doc
office Commissioner, 105 pleasant St. P.O Box
1806, Concord, NH 03302, Excuses that they have
no success in finding an Imam to Facilitate
Muslim services at any of the Facilities.

On or about October, 2012, After the Plaintiff
filed a petition with this Court suit under
42 U.S.C 1983, contending that the policies by
NCF official prevent him from attending Jumaah
a Muslim services. Two days later chaplain
Hoyt meet with the Plaintiff at his housing
units, advising him that there is an Imam
from the Islamic Society of greater
Manchester whos willing to come over on Sunday.

5 of 9

The plaintiff's and other four Muslim inmates meet with the Imam on Sunday and it turned to be the Imam had some issues with the administration of the NCF, Schedules and coopration.

Muslim inmates requested that whether an inmate could be allowed to lead the Jumiah Service, or Whether, in the alternative, the muslim inmates could meet for group prayer on Fridays, The defendant stating that policy number PPD 7.17 forbids inmate-led groups and meeting formally without volunteer.

In this instance case, the defendant is in fear of inmates groups meeting that sound like gang activity Because the respondents cannot prove that the deprivation of Muslim inmates for group prayer was Justified by legitimate penological interest or compelling interest under (RLUIPA).

The supreme court made clear in O'lone and thornburgh, that the court must examine whether an inmate has alternative means of practicing his or her religion generally, not whether an inmate has alternative means of engaging in the particular practice in question." 227 F.3d at 55"

6 of 9

To date, there have been no Jumuah Services
at the Berlin facility since Mr. Ali's arrival
in May, 2012.

COUNT I

The plaintiff reports and re-alleges the
preceding paragraphs.

The denial of Jumuah Services for substantial
amount of time violates the free Exercise
clause of the First Amendment as well as the
provisions of RLUIPA

Mr. Ali and other inmates who are Muslim
at the Berlin facility have repeatedly requested
and have been denied the Jumuah Services,
which is an essential component of their
faith and religious practice.

The NCF's policies with respect to inmates
gathering for religious services and requiring an
external volunteer to lead the Jumuah service
unreasonable restrict Mr. Ali's and other inmates'
free exercise of their sincerely held religious
beliefs, and is not reasonable related to
legitimate penological interest.

7 of 9

Accordingly, Mr. Ali requests injunctive relief requiring the holding of Jumiah Services on a weekly basis and special arrangement should also be made during the months of long observance of Ramadan, a period of fasting and prayer that during Ramadan Muslims prisoner's should be awakened at 4:00 Am for our early break fast that is hot insted of cold food every day and inmates should receive dinner at 8:30 Pm. each evening. at the Berlin Facility, in conformance with Mr. Ali's religious beliefs and requirement of the Muslim religion.

## Prayers For Relief

WHEREFORE, the plaintff respectfully requests that this Honorable Court:

Issue an injunction requiring the holding of Jumiah services on a weekly basis at the Berlin Facility, either by employing an Imam from the Islamic Society of greater Manchester who is willing to provid servies. in accordance with Mr. Ali's religious beliefs and requirement of the Muslim religion.

8 of 9

Award the plaintiff his costs and ‎
Court fees and for punitive damages, emotional
injuries and hostility by staff and the
administration for lack of protection under
his care incurred in this action.

Grant such other and further relief in
favor of the plaintiff as may be deemed
just and equitable.

Respectfully Submitted,
                                        Ali Damir

Ali Damir
12/6/2012                    X Dacauber ANGELA POU...field Toulis

Certificate of Service

I Dominic Ali, hereby certify that a copy
of this foregoing was forwarded in the U.S.
Mail Mail First class postage address to
Mrs. Kathleen A. Broderick, esq #17657,        of
Assistance County Attorney, H.C. this
2012 . A.A.G for civil Rights Division, DC.

Dominic Ali 81824
138 E Milan Rd        Ali Damir
9 of 9   Berlin, NH 03570
         c: file

THE STATE OF NEW HAMPSHIRE
SUPERIOR COURT

Coos Court.ss

Dominic S. Ali

v.

Edward Reilly, State Prison Warden

Case No # 214-2012-CV-00178

Plaintiff's list of potential witness

Now Comes, Dominic Ali, sui-duris, respectfully
request this Honorable Court to grant request for
the following reason states below;

The plaintiffs has a petition for writ of
Hubeas Corpus filed Complaint under the
Civil Rights Act, 42 U.S.C. 1983, Forwarded to
this Court by the United State District Court
for the District of New Hampshire.

On or about Nov, 15, 2012, the plaintiff filed with
this Court a list of potential witness whom
he expected to call during the Hearing
involving video Habeas Corpus Hearing scheduled
for January 24, 2013, with this Court.

Expected potential witness, would testify regards
to the New Hampshire Northern Correction Facility
under leadership of the defendant Mr. Edward
Reilly employed as the warden of the NCF
138 East Milan Road, Berlin, NH 03570, and
his denial of Jumuah services, that is
the central religious ceremony of the Islamic
religion, And is commanded by the Quran.

Denial of Jumuah services for substantial
amount of time violates the Free Exercise
clause of the First Amendment as well
as the provision of (RLUIPA) and mandated
Ramadon and unhealthy food provided by the
NCF.

① Mosfek Tadukoler, an Imam with
Islamic Society of greater Manchester
228. Maple St.

② Luis Silva # 91105, a sentence inmates
and Muslim at the NCF, 138 E Milan Road
Berlin, NH 03570.

③ John Knapp # 58790, a sentence inmates
and Muslim at the NCF, 138 E·Milan Road
Berlin, NH 03570 and his Attorney Mr. Karyl
Roberts Martin, Esq, NH Bar # 16468, Sheehan
of 4   Phinney Bass + Green PA

1000 Elm Street, Po Box 3701, Manchester, NH 03105.

④ Fuorst Darrek, a sentence inmates and a muslim at the NCF, 138 E Milan Road Berlin, NH 03570.

⑤ Williams John Excludo # 77933 a sentence inmate and muslim at the NCF, 138 E Martin Rd, Berlin, NH 03570.

⑥

⑦

⑧

⑨

⑩

Certificate of Services

I, Dominic Ali, hereby certify that a
copy of the within witness list has been
forwarded to Kathleen A. Broderick, #17657
Assistant County Attorney, this

_Signature_

_Signature_          X  December 6, 2012   _Angela Poulin_
12/6/2012

_Signature_

Dominic Ali  #18329
138 E Milan Road
Berlin, NH 03570
C: File
of 4

State of New Hampshire

Department of Corrections

**Trust Account Statement**

DOC#:            81829

Client Name:    Ali, Dominic Silvamo

Housing Level:  NNHCF/F Block/XX/13/1B

| | | | | |
|---|---|---|---|---|
| Run Date: | 1/15/2013 | | Current Balance: | $1.12 |
| Facility: | Northern NH Correctional Facility | | Held Funds: | $0.00 |
| Date of Birth: | 8/8/1985 | | Frozen Funds: | $0.00 |
| Account Activity from: | 11/1/2012 - 1/15/2013 | | Other Unavailable Funds: | $0.00 |
| Savings: | $0.00 | | Available Funds: | $1.12 |
| Other Unavailable: | $0.00 | | | |
| DHS Funds: | $0.00 | | | |
| DHS Held Funds: | $0.00 | | | |

DOC#:            81829

Client Name:    Ali, Dominic Silvamo

| Date | Transaction | Received From/Paid To | Reference | Amount | Available |
|---|---|---|---|---|---|
| 11/1/2012 | Begin Balance | | | | $2.10 |
| 11/9/2012 | Recd Institutional Job | NHDOC | Payroll Batch 10062012 | $4.25 | $6.35 |
| 11/9/2012 | Library Photocopies | Payer | 789118 | ($4.25) | $2.10 |
| 11/9/2012 | Recd Institutional Job | NHDOC | Payroll Batch 10132012 | $4.25 | $6.35 |
| 11/9/2012 | Library Photocopies | Payer | 789118 | ($3.15) | $3.20 |
| 11/9/2012 | Library Photocopies | Payer | 789123 | ($1.10) | $2.10 |
| 11/9/2012 | Recd Institutional Job | NHDOC | Payroll Batch 10202012 | $4.25 | $6.35 |
| 11/9/2012 | Library Photocopies | Payer | 789123 | ($3.90) | $2.45 |
| 11/9/2012 | Recd Institutional Job | NHDOC | Payroll Batch 10272012 | $4.25 | $6.70 |
| 11/9/2012 | W/D Library Photo Copies | Payer | | ($2.70) | $4.00 |
| 11/9/2012 | W/D Library Photo Copies | Payer | | ($2.70) | $1.30 |
| 11/21/2012 | Canteen Sale | Northern NH Correctional Facility | 382971 | ($0.73) | $0.57 |
| 12/7/2012 | Recd Institutional Job | NHDOC | Payroll Batch 4072012 | $4.25 | $4.82 |

State of New Hampshire

Department of Corrections

### Trust Account Statement

DOC#:          81829

Client Name:   Ali, Dominic Silvamo

| Date | Transaction | Received From/Paid To | Reference | Amount | Available |
|---|---|---|---|---|---|
| 12/7/2012 | Library Photocopies | Payer | 816289 | ($4.25) | $0.57 |
| 12/7/2012 | Recd Institutional Job | NHDOC | Payroll Batch 11032012 | $4.25 | $4.82 |
| 12/7/2012 | Library Photocopies | Payer | 816289 | ($4.25) | $0.57 |
| 12/7/2012 | Recd Institutional Job | NHDOC | Payroll Batch 11102012 | $4.25 | $4.82 |
| 12/7/2012 | Library Photocopies | Payer | 816289 | ($4.25) | $0.57 |
| 12/7/2012 | Recd Institutional Job | NHDOC | Payroll Batch 11172012 | $4.25 | $4.82 |
| 12/7/2012 | Library Photocopies | Payer | 816289 | ($4.25) | $0.57 |
| 12/7/2012 | Recd Institutional Job | NHDOC | Payroll Batch 11242012 | $4.25 | $4.82 |
| 12/7/2012 | Library Photocopies | Payer | 816289 | ($2.60) | $2.22 |
| 12/12/2012 | W/D Library Photo Copies | Payer | | ($2.00) | $0.22 |
| 12/19/2012 | Recd Mail Room | Karoline Magaya | 121912-005 | $40.00 | $40.22 |
| 12/19/2012 | State Filing Fees | UNITED STATES DISTRICT COURT | 12-cv-364-SM | ($8.00) | $32.22 |
| 12/19/2012 | Library Photocopies | Payer | 827447 | ($9.40) | $22.82 |
| 12/19/2012 | Canteen Sale | Northern NH Correctional Facility | 388902 | ($21.74) | $1.08 |
| 1/4/2013 | Recd Institutional Job | NHDOC | Payroll Batch 12012012 | $4.25 | $5.33 |
| 1/4/2013 | Library Photocopies | Payer | 827457 | ($4.25) | $1.08 |
| 1/4/2013 | Recd Institutional Job | NHDOC | Payroll Batch 12082012 | $4.25 | $5.33 |
| 1/4/2013 | Library Photocopies | Payer | 827457 | ($3.45) | $1.88 |
| 1/4/2013 | Recd Institutional Job | NHDOC | Payroll Batch 12152012 | $4.25 | $6.13 |
| 1/4/2013 | Recd Institutional Job | NHDOC | Payroll Batch 12222012 | $4.25 | $10.38 |
| 1/4/2013 | State Filing Fees | UNITED STATES DISTRICT COURT | 12-cv-364-SM | ($0.85) | $9.53 |
| 1/4/2013 | Recd Institutional Job | NHDOC | Payroll Batch 12292012 | $4.25 | $13.78 |
| 1/4/2013 | State Filing Fees | UNITED STATES DISTRICT COURT | 12-cv-364-SM | ($0.85) | $12.93 |
| 1/9/2013 | Canteen Sale | Northern NH Correctional Facility | 392990 | ($11.81) | $1.12 |

For Peter:

1. Ms. Jankura  ?  ( Cover (Fax))
2. Mr. Young ?  Shaheen Letterhead
3. Mail - No evidence

4. Pay - He is being paid - Deficient Spending
5. Court Issues
        - Vacate Nolo Plea
        - Jummah Services