**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Dominic S. Ali

    v.                            Civil No. 12-cv-364-SM

Edward Reilly, Warden, Northern
New Hampshire Correctional
Facility; Dana Hoyt; Scott Watson;
John Masse; and Shanon Berwick


### REPORT AND RECOMMENDATION


      Dominic Ali is a Muslim and an inmate at the Northern New

Hampshire Correctional Facility ("NCF").  Under the aegis of 42

U.S.C. § 1983, he has sued Warden Edward Reilly, Chaplain Dana

Hoyt, and three NPS correctional officers, claiming they

violated rights under: (1) the First and Fourteenth Amendments

to the United States Constitution; (2) the federal Religious

Land Use and Institutionalized Person Act ("RLUIPA"), 42 U.S.C.

§§ 2000cc to 2000cc-5; and (3) two provisions of the New

Hampshire Constitution.  Ali's claims are based on allegations

that: (1) Warden Reilly and Chaplain Hoyt failed to provide

Friday afternoon Jum'ah services for Muslim inmates at NCF; (2)

Chaplain Hoyt failed to ensure that he was provided with healthy

food during Ramadan, the Muslim period of fasting; and (3)

Warden Reilly, Corrections Officer Scott Watson, Lieutenant John

Masse, and Lieutenant Shanon Berwick denied him the ability to observe Ramadan by removing him from NCF's Ramadan fasting list. Before me for a report and recommendation are cross motions for summary judgment.  Defendants have objected to Ali's summary-judgment motion, but Ali has not objected to their motion.  For the reasons that follow, I recommend granting defendants' motion for summary judgment and denying Ali's summary-judgment motion.

### Summary Judgment Standard

"Summary judgment is warranted where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" McGair v. Am. Bankers Ins. Co. of Fla., 693 F.3d 94, 99 (1st Cir. 2012) (quoting Fed. R. Civ. P. 56(a); citing Rosciti v. Ins. Co. of Penn., 659 F.3d 92, 96 (1st Cir. 2011)).  "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Sánchez-Rodríguez v. AT&T Mobility P.R., Inc., 673 F.3d 1, 9 (1st Cir. 2012) (quoting Iverson v. City of Boston, 452 F.3d 94,

98 (1st Cir. 2006)).  That is, "the party seeking to avoid
summary judgment must be able to point to specific, competent
evidence to support his [or her] claim."  Sánchez-Rodríguez, 673
F.3d at 9 (quoting Soto-Ocasio v. Fed. Ex. Corp., 150 F.3d 14,
18 (1st Cir. 1998)) (internal quotation marks omitted).

## Background

Ali has attached one exhibit to his motion for summary
judgment, a June 20, 2012, letter from the Director of Security
and Training for the New Hampshire Department of Corrections to
one Luis Silva.[1]  Defendants, in turn, have provided a "statement
of material facts, supported by appropriate record citations,"
as contemplated by Local Rule 7.2(b)(1).  Because Ali has not
objected to defendants' summary-judgment motion, he has,
necessarily, identified no facts in defendants' statement "as to
which [he] contends a genuine dispute exists so as to require a
trial," LR 7.2(b)(2).  Accordingly, all properly supported facts
in defendants' factual statement are deemed admitted.  See id.;
see also Glen v. N.H. State Prison Family Connections Ctr., No.
11-cv-475-JD, 2013 WL 3776433, at *1 (D.N.H. July 17, 2013)
("Because Glenn did not file a response to the defendants'

---

[1] Silva appears to have been an NCF inmate, and the letter
indicates that Department "had no success in finding an Imam to
facilitate Muslim Services at any of the facilities" and
informing Silva that he could "practice [his] religion to the
best of [his] abilities within the guidelines imposed."  Pl.'s
Mot. Summ. J., Ex. A (doc. no. 17-1).

motion for summary judgment, the properly supported facts in the defendants' factual statement are deemed to be admitted.").

As noted above, Ali is an adherent of Islam and, at all times relevant to this action, was incarcerated at NCF.  Jum'ah is a weekly Islamic religious ceremony held on Friday afternoons and led by an Imam.  Chaplain Hoyt's efforts to arrange for a volunteer Imam to lead Jum'ah services at NCF have been largely unsuccessful.  While he has provided NCF inmates with the opportunity to watch Jum'ah services conducted at the New Hampshire State Prison in Concord on tape, Muslim inmates at NCF have been provided with few live Jum'ah services during the period of Ali's incarceration.

Ramadan is a period during which Muslims refrain from eating between sunrise and sunset, but may eat after sundown. At NCF, Muslim inmates observing Ramadan are provided with all three of their daily meals at once, at a special chow call that takes place at supper time.  Those meals, referred to as the "Ramadan feed," include the same hot supper served to the other inmates, along with a bagged breakfast and a bagged lunch for the following day.  "The bagged breakfast consisted of a coffee cake or muffin, cold cereal, a juice packet and two pints of milk."  Defs.' Mem. of Law, Ex. E, Pelletier Aff. (doc. no. 20-17) ¶ 4.  "The lunch consisted of four slices of bread, a five ounce non-pork sandwich meat, two slices of cheese, one packet

of crackers/chips, condiments, and a pint of milk." Id.  In his complaint, Ali alleges that during the 2012 observance of Ramadan, his Ramadan feed did not provide him with reasonably healthy food.

NCF inmates observing Ramadan are placed on a Ramadan fasting list, which entitles them to the daily three-meal Ramadan feed.  One day during Ramadan in 2012, CO Watson saw Ali taking breakfast in the chow hall.  Knowing that Ali had already received a breakfast for that day in his Ramadan feed, CO Watson reported Ali to Lt. Berwick and Lt. Masse.  In compliance with an NCF operational bulletin, they reported Ali to Chaplain Hoyt. That bulletin directs NCF personnel to "[r]eport to the Chaplain any [Ramadan] participant observed eating during daylight hours or attempting to go to any other chow."  Defs.' Mem. of Law, Ex. A-9 (doc. no. 20-11).  And, in compliance with that same bulletin, Chaplain Hoyt removed Ali from the fasting list.  The bulletin provides that "[a]ny Ramadan participant who shows up for any meal other than [the special Ramadan] chow call will be automatically removed from the Ramadan feed list and will go back to normal feeds for the remainder of Ramadan."  Id. Independent of the rules pertaining to Ramadan fasting, NCF also has a rule that makes it a disciplinary offense for inmates to take extra meals.  See Defs.' Mem. of Law, Ex. A, Hoyt Aff. (doc. no. 20-2) ¶ 22.

During Ali's incarceration, inmates in NCF were subject to a Policy and Procedure Directive that required them, if they wanted to complain about prison conditions, to utilize a three-step grievance process consisting of: (1) an inmate request slip directed to the appropriate staff member and submitted "within 30 calendar days of the date on which the event complained of occurred," Defs.' Mem. of Law, Ex. F-2 (doc. no. 20-21), at 2; (2) a grievance form "directed to the Warden of the facility in which the inmate is currently housed" and "received within 30 calendar days from the date of the response to the request slip," id. at 3; and (3) a grievance form directed to the Commissioner of the Department of Corrections and received "within 30 calendar days of the date of the response by the Warden," id. at 4.

It is undisputed that: (1) with respect to the general unavailability of Jum'ah services, Ali never filed an inmate request slip, and never grieved the issue to either the Warden or the Commissioner, see Defs.' Mem. of Law, Ex. F, Pitman Aff. (doc. no. 20-19) ¶¶ 7-8; Ex. G, Reilly Aff. (doc. no. 20-22) ¶ 6; Ex. H, Wolcott Aff. (doc. no. 20-23) ¶ 7; (2) with respect to the quality of the food he was provided during Ramadan in 2012, Ali never filed an inmate request slip, and never grieved the issue to either the Warden or the Commissioner, see Pitman Aff. ¶ 6; Reilly Aff. ¶ 6; Wolcott Aff. ¶ 7; and (3) with respect to

his removal from the Ramadan fasting list, Ali never filed an
inmate request slip, <u>see</u> Pitman Aff. ¶ 6, or a grievance with
the Commissioner, <u>see</u> Wolcott Aff. ¶ 7, but did file a grievance
with the Warden, <u>see</u> Reilly Aff. ¶ 5.

As construed in my Report and Recommendation of June 3,
2013, Ali's complaint asserts the following claims:

> 1.   The failure of Hoyt and NCF Warden Reilly to
> provide Jum'ah services at the NCF, and their reliance
> on PPD 7.17,[2] has violated Ali's: (a) First Amendment
> right to freely exercise his religion; [and] (b)
> rights under RLUIPA . . . .

> 2.   Hoyt's failure to ensure that Ali received
> healthy food during Ramadan has violated Ali's: (a)
> First Amendment right to freely exercise his religion;
> (b) rights under RLUIPA; [and] (c) Fourteenth
> Amendment right to equal protection . . . .

> 3.   Defendants Watson, Massy [sic], Berwick, and
> Reilly violated Ali's: (a) First Amendment right to
> freely exercise his religion; and (b) his rights under
> RLUIPA, by denying Ali the ability to fast for
> Ramadan.

> . . . .

> 5.   Defendants' conduct violated Ali's equal
> protection and religious freedom rights under the New
> Hampshire Constitution.

Doc. no. 9, at 5-6.

## Discussion

Defendants move for summary judgment, arguing that Ali has
failed to exhaust the administrative remedies available to him,

---

[2] Policy and Procedure Directive ("PPD") 7.17 pertains to
religious programming and diets.  <u>See</u> Defs.' Mem. of Law, Ex. A-
1 (doc. no. 20-3).

and that they are entitled to judgment as a matter of law on the
merits.  Defendants' first argument is meritorious, and
dispositive.

According to the Prison Litigation Reform Act of 1995
("PLRA"), "[n]o action shall be brought with respect to prison
conditions under section 1983 of this title . . . by a prisoner
confined in any jail, prison, or other correctional facility
until such administrative remedies as are available are
exhausted." 42 U.S.C. § 1997e(a).  Claims for which
administrative remedies have not been exhausted are subject to
dismissal.  See Medina-Claudio v. Rodríguez-Mateo, 292 F.3d 31,
36 (1st Cir. 2002).

"[T]he PLRA exhaustion requirement requires proper
exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006).  Proper
exhaustion "demands compliance with [a penal institution]'s
deadlines and other critical procedural rules." Id. at 90.  To
meet the requirement of proper exhaustion, "a prisoner must file
complaints and appeals in the place, and at the time, the
prison's administrative rules require." Acosta v. U.S. Marshals
Serv., 445 F.3d 509, 512 (1st Cir. 2006) (quoting Pozo v.
McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).  Finally,
"failure to exhaust is an affirmative defense under the PLRA."
Jones v. Bock, 549 U.S. 199, 216 (2007).  As such, it "must be
raised and proved by the defense." Cruz Berríos v. González-

Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (citing Jones, 549 U.S. at 216).

It is undisputed that Ali did not grieve his Jum'ah claim, his Ramadan food-quality claim, or his fasting-list claim to the Commissioner, and did not use any part of the grievance process to seek Jum'ah services or to request better food in his Ramadan feed.  For that reason, all of Ali's federal claims are unexhausted.  See Woodford, 548 U.S. at 90, 93; Acosta, 445 F.3d at 512.  Thus, defendants are entitled to dismissal of those claims.  See Medina-Claudio, 292 F.3d at 36.

Arguing that the time has passed for Ali to grieve the issues underlying those claims, defendants ask the court to dismiss Ali's claims with prejudice.  The Court of Appeals for the Second Circuit has held that "dismissal with prejudice, when remedies are no longer available, is required 'in the absence of any justification for not pursuing [such] remedies.'"  Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004) (quoting Berry v. Kerik, 366 F.3d 85, 87-88 (2d Cir. 2004); citing Rodriguez v. Westchester Cnty. Jail Corr. Dep't, 372 F.3d 485, 487 (2d Cir. 2004)); see also Barbosa-Orona v. Flores-Dasta, 843 F. Supp. 2d 230, 236 (D.P.R. 2012) (dismissing with prejudice prisoner's section 1983 claim when prisoner had failed to exhaust administrative remedies).  Here, the time for Ali to grieve his treatment during the 2012 observance of Ramadan has, indeed,

long passed, and Ali has offered no justification for his failure to pursue the remedies available to him.  Accordingly, dismissal with prejudice is warranted for Ali's claims that: (1) he received unhealthy food during the 2012 observance of Ramadan; and (2) was unlawfully removed from the Ramadan fasting list in 2012.  But, Ali's claim concerning the lack of Jum'ah services arises out of an ongoing situation rather than a specific event, so there is no basis for arguing that the time for grieving that issue has passed.  Therefore, dismissal of Ali's Jum'ah claim is without prejudice.  That said, should Ali be interested in properly exhausting and filing another Jum'ah claim, he would be well advised to consult Judge DiClerico's order in Glenn, 2013 WL 3776433, at *3-5.

Having recommended dismissal of all of Ali's federal claims, I further recommend that the court decline jurisdiction over Ali's state-law claims, and dismiss them along with the federal claims.  See Camelio v. American Federation, 137 F.3d 666, 672 (1st Cir. 1998)

## Conclusion

For the reasons detailed above, I recommend that Judge McAuliffe grant defendants' motion for summary judgment, document no. 20, deny Ali's summary-judgment motion, document no. 17, and direct the clerk of the court to close this case.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge


October 10, 2013

cc: Dominic S. Ali, pro se
    Francis Charles Fredericks, Esq.
    Nancy J. Smith, Esq.
    Elizabeth C. Woodcock, Esq.