United States District Court
for the District of N.H.

Petitioner    Dominiz Ali

v.

Defendant    Edward Reilly N.H. Prison
Warden

Civil N0: 12 -cv- 364 - SM

**Plaintiff's Objection to the Court report and recommendations and defendant Summary Judgment.**

NOW COMES, Dominic Ali, sui juris respectfully requests this Honorable Court to grant this motion for the following reason states below;

Before this Court are Dominic Ali Original Complaint and the addenda thereto doc NOS 1 and (a-8) construed together as the complaint in this action has all purposes.
petitioner asserts claims of violation of the Radigious land use and institutionalized person Act (RLuiPA),42 U.S.C. 2000 cc to 2000 cc-5, and his Federal and State
1 of 20 Constitutional Rights.

After a report and recommendation
date June 3, 2013, issue by the Honorable Court
(McCaffrt, L) The petitioner was allowed
to go forward with his claims that
include:

1) The failure of Hoyt and NCF Warden
   Reilly to provide dismial services at
   the NCF, and their reliance on PPD
   7-17, has violated Ali's: (a) First Amendment
   right to freely exercise his religion= (and)
   (b) rights under (RLUPA)

2) Hoyt's failure to ensure that Ali
   received healthy food during Ramadan
   has violated Ali's: (a) First Amendment
   right to freely exercise his religion; (b)
   right under (RLUIPA); and (c) Fourteenth
   Amendment right to equal protection

3) Defendant Corration Officer at the NCF,
   Watson, Massy, Berwick, and Warder Reilly
   violated Ali's: (a) First Amendment right
   to freely exercise his religion= and (b) his
   rights under (RLUIPA), by denying Ali the
   ability to fast for Ramadan.

2 of 20

5) Defendants' conduct violated Ali's equal
protection and religious freedom rights
under the N.H. Constitution.
Doc. No. 9, at 5-6.

Petitioners' initial Complaint is under
the Civil Rights Act, filed on Sept 26, 2012,
See; (Doc NO 1) and the Amended Complaint
filed on Jan 24, 2013. See; (Doc 8) with this
Court.

The Bureau of Prison Policy require
that weekly congregation for religious
services be available for all inmates
except those detained in the special
housing units.
PPD 7.17, itself states that "all inmates
shall have access to religious resources,
services, instruction or counseling on a voluntary
basis. The institution will provide all
inmates with the opportunity to pursue any
recognized belief or practice. Subject to the
restriction of their custody level" and the
institution shall extend to all inmates the
3 of 60 greatest amount of freedom and opportunity

to pursue any recognized religious belief or practice." it includes specific procedures by which inmates could have access to religious publication, religious diets, religious apparel, and personal and group religious items.

## Jumah Services

Jumah Services is the central religious ceremony of the Islamic religious. Jumah is commanded by the Holy Quran and the services must be held collectively by leadership of an Imam and must be held every friday.

The denial of Jumah Services for substanial amount of time violates the Free Exercise clause of the First Amendment rights as well as the provision of (RLUIPA).

The petitioner states that deprivation of Muslims inmates for group prayer was not justified by legitimate Pendogical interest or compelling under (RLUIPA).

4 of 20

Defendant Chaplain Hoyt Supervise inmates
led Jumiah Services for approximately two
years and he also provide the Native
American inmates with reasonable opportunity
to pursue their faith. Defendant Hoyt
admits that Jumiah Services is that central
religious ceremony of the islamic religion
and that Jumiah Services is held weekly.
Defendant Hoyt also have sufficient Personal
Knowledge that Jumiah must be Performed
in Congregation and that Jumiah is obligatory
and it cannot be made up. Providing NCF
inmates with Jumiah services on tape. its an
insult. Some inmates have no access to a T.V.
An Imam provide Jumiah services once a month
at the Concord Facility. Jumiah services is every
Friday of the four weeks of each months. The
defendant Hoyt was never interested in providing
Jumiah services during Mr. Ali's incarceration. Mr. Ali
is not considering a Tape recorded video as
Jumiah services and neither do any NCF Muslims.
The NCF policies with respect to inmates
gathering for religious services and requiring
an external volunteer like defendant Hoyt as
he did for two years is not reasonable related

to legitimate penological interest. The Supreme
Court anded clear in Orlane and thornburgh,
that" the Court must examine whether an inmate
has alternative means of practicing his or
her religion generally, not whether an inmates
has alternative means of engaging in the
particular practice in question" Quatation and
citation omitted) Whatching the dum'nh services in
the Housing units or cells, is like watching a prayer
during a fastball game, its too loud and some
inmates are disrespectful, And can start some
issues. video reorded duminh services is not alternative
means. See; Thariult v. A Religious Office, 895 f2d
104 (2d cir. 1990).

    Ramadan

    Ramadan is a period during which Muslims
refrain from eating between sunrise and
sunset, for a period of approximately 30 days.
under certain circumstances Ramadan may be
extended to 40 days. Especally when the NCF
during Ramadan served fasting inmates with
untritionally, slight smell and stight offensive
taset meals. see; Exhibit (A1). This is been done
maliciously every Ramadan and every other
day of the week. Mr. Ali's Complaine about
see; Loss v. Black ledge, 477 F-2d 616 (4th cir 1972)

6 of 20

the unhealthy Ramadan food that echo
other claims filed in this Court by
other Muslims inmates and as well as (BWIPS)
See; Knapp v. Kench, NO, 11-cv-491-PB, 2012.

Muslim inmates observing Ramadan are
provided with less then three meals, it could
be, meals with offensive, spoil smell, no cheese,
spoil milks sometimes, uncook Hotdogs or Beans-
cold slices of Bread that we have to throw
away everyday, were the NcF takes away the,
Boiled eggs, Flap Jacks, Banana, Orange Juice,
Oatmeals, Panut Butter, pizza, Excemmble eggs,
and Juice packet. Any experts would testify
that those are hightly Nutritionally meals.
were Concord prison provid to fasting inmates enely
yer. See; Jean Cunmun v. Warden State prison,
States in part" Every inmate is entitle to 3 whole-
some and nutritions meals per day served with proper
eating and drinking Units. All inmates regarding of
their status, will be served the same quality of food
in a quantity Sufficient to meet their nutritional
need. Availability of Special diets will not be
dependant upon custodial or disciplinary status.
Food shall be stored, prepard and served in
acordance with the N.H. Sanitary food code and
other standard established by the N.H. Depart of
public Health."

NCF inmate observing Ramadan are place on a Ramadan fasting list, Every day they receive three-meal. On or about August 13, 2012, location NCF, cell 13 Fox, Co S. Watson and cpl. J. Nadeau conducted A so called shake down or harassment of inmates and destruction personal property. Mr. Ali was fasting that day. When Co S. Watson took all of Ali's food such milks, sugar and coffee cake that was for breakfast. Mr. Ali had an argument with Co. S. Watson about his breakfast without asking Mr. Ali and did not allowe Mr. Ali to explaine why he possess these meals, thats disciplinary action or write up. (44B) After the argument Co. S. Watson, Mr. Ali was called to the office to get his Ramadan meals back. Mr. Ali found out that his meals was put in a trach bagged with dirty property he took from the cell. The issue of the shake down is that mr. Ali cell mate was lugged from the units for some reason unknown to Mr. Ali, Co Watson ask Mr. Ali if he knew why his cellmate left the units. When Mr. Ali offer no reason or why, because mr. Ali at that time was not the yard outside the units. Co. Watson respond, is to refainte with any

8 of 20

harrasment, such as shakdown and destruction
of property. During Ramadan inmate Muslims could
fast for 30 days or 40 days, is commanded
by the Qurian not the NCF bulletin whiches
not approve by any Imam or any Muslim.
Mr. Ali was stressing and had emotional
problem with the NCF harrasment the other
day and the lock of nutritional food
desided not to fast that day, known that
he has extra 10 days to recover. Paragraph (9)
of the defendant Amended Answer Filed
August 1, 2013, The defendant states that " he
lack sufficient personal Knowledge to either
admit or deny the allegation". But he has
the authority to write bulletin that in
violation of the Qurun and Mr. Ali's
Constitutional Rights- During Ramadan of 2012,
C.O. S. Watson saw Mr. Ali going to the chow
hull hor a breakfast, whiches Outments,
Pnut butter and milks-whiches fasting immates
don't get. Co. Swatson desrespectfully ask
Mr. Ali to report to Lt. Masse, Mr. Ali explaint
the reason of why hes not fasting but was
told that he was been taken from the
9 of 20 Ramadan list befor even they talk to
the Chaplain Hoyt. Mr. Ali was interrogated

by L.T. Massy and Berwick, "How many
time Muslims pray a day and Whats is Mr.
Ali's name means in islam" Mr. Ali asked
these L.T.'s to stop their interrogation and
provid him with a grievance form for the
reason they removed hem from the Ramadan
list, without first reporting to a chaplain
whos incompetent hem self. Writin bias rules
or bulletin that is in Conflic with the Qur'an
is violation of Mr.Ali's First Amendment Rights
(Relief) and fact (1) Art 5. Mr. Ali decided not
to fast the day he was question about his faith
by corection officer who're willing to harm there good.
This is not about extra meals, because Mr. Ali was
not writin up, even though its a disciplinary offense
by the "Independent of the Rules".

NCF Policy and Procedure (3 steps)

1) Inmate request silp    2) Grievance
3) Grievance from directed to the Commissioner
of the "Doc".

See; Whitley v. Hunt, 158 F.3d 882 (5th cir.
1998) also, Castell v. Vaade, 167 n.s-2d 1 (N.W.2d
Wis. 1992). Garrett v. Hawk, 129 F.3d 1263 (10th
cir. 1997)

10 20 pp

Were the 5th cir recanized such a per se rule, reasoning that its senseless to force a prisoner to engage in the "empty formality" of petitioning the prison administrative process for a form of relief that it cannot provide. Had Mr. Ali submitted a grievance form seeking monetary relief the grievance would not simply have been denied, but rejetected and returned unanswered as improper subject matter for administrative review. Thats happen all the time, were the NCF excuses, "we lost your mail" in order not to returned or answer Mr. Alis Complaine. its senseless, where administrative action by the NCF afford Mr. Ali neither meaningful review nor appropriate remedy. its all fun and games to the NCF stuffs. Mr. Ali request a grievance form and he was told by L.T. Massy and Berrick that "you have no ground for grievance" after he was told, hes been remved from Ramadan list, befor they reported Mr. Ali to the Chaplain. The Chaplain comes to his job at NCF at (1200 p.m.) Two p.m. every-day. Mr. Ali was told that his been removed for the Ramadan at 8=00 Am. the list. And thats a fact.

11,20.

Chaplain Hoyt is a paid volunteer who
works for the NCF, He does what the NCF
wholits and cover for them when ever they
are in problem. Association Section of criminal
Justice has observed; "the real problem comes
not with facilities for religious Services, but
with attempt of prison Officials to prevent
and restrict certain religions movement within
the prison". Chief among these movement has
been the black Muslims- See; Soste v. McGinas,
336 F.2d 906, (2d cir. 1964) also, fierce v. Varalle,
293 F.2d 233 (2d cir. 1961)

With respect to the Muslims Services, Mr. Ali
wrote a complaine to the New Hampshire
Department of Justice about issues not geting
legal mails and Muslims Services, The
defendent never respond back. The (DoJ) is
the responder for the NCF. As a matter of Fact,
Mr. Luis Silva * 91105, an NCF inmate who at
the sametime was Mr. Ali cellmate and a
witness in this case. Mr. Ali and inmate luis
Silva wrote complaine to the (DoJ) Office about
muslims services and not receiving mail, the
(DoJ) forward never respond to Mr.Ali's request, or
12 of 20 complaine, But forwarded Silva's complaine to
the N.H. Doc security and training, Mr. Kench.
See; Exhibit A6) to the US-Dept of Justice about

Muslims Service and Issue about e-mails.

As to the attached one exhibit with the motion for Summary Judgment of Mr. Ali. its to prove the lie that the NcF defendant rponded states that "They lack of sufficient personal knowledge or allegation regarding Muslim Services and Complaint by inmate Luis Silva and that they never told inmate Silva that they are unsuccessful in finding an Imam to facilitate Muslim Services and that he could practice his religion to the best of his abilities within the guideline imposed" see; Bryant v. McGinnis, 463 F. Supp, 373 (W.D.NY, 1978). Mr. Ali and inmate silva have always in good faith wants to resolve these issues about Muslim services without using the Judicial process. Thats what Islam is about. But we notice the bad-faith pattern by Prison staff. Excuses of lost of request slip and Grievance form in the mail. and the Cats and Mouse games they play with prisoners every day. Silva was an inmate from the State of New York, convicted by this State, with few months to serve and the NcF knew that he had no chance in challenging these issues in the Court of Law, just like other cases filed in this Court. The NcF knew Mr. Ali is serious about his religion

13 of 20

after he was disrespected by C.O. S. Watson on August 10, 2012, during the shake down and distruction of inmates property. And of course, the NCF Warden never response to that issue like always, the warden picks and choose what he want to response to, covering up what his staff did to Mr. Ali three days latter when they throw his Ramadan food in a trach pops and its no longer healthy food to eat, But responded to a NCF operational Bulletin that is bias and prejudice and is not center with the Islamic law. Mr. Ali could have been denied his 3rd meal when he picks up his Fasting Fees. As simple as that, not automatically removing someone from the Ramadan Feed list and should go back to normal feed for the Remainder of Ramadan. This is a discriminatory intent to denie Muslims of their rights and retaliation, EX 9 (3 to 5) to Mr. Ali's litigation actions. Removing Mr. Ali from the Ramadan list was a retaliation by Co. S. Watson because the NCF had an informan by the name Ramos Jose # 87914 working with the Department of Justice of the State of see (EXA2) New Hampshire, living with Mr. Ali block E, cell # 13. This is not the first time the "Doc" retaliute 14 of 20 against Mr. Ali, were they transfer him from facility se. Bridge v. Russell, 757 F.2d 1155 (11th cir. 1985)

to facility, that's the common methods of retaliatory punishment within the prison system to prevent further grievance filings and lawsuits, in violation of Mr-Ali;s First Amendment rights, and its two cases with this Court, see; Ali v- Gerry and Reill y, N.H. State prison Warden's

The Supreme Court recently help ease the legal baffle for prisoner filing retaliation claim with its decision in the case of Crawford v- Britton, 523 U.S. 574 (1998), were prisoner filed a suit under 42 U.S.C.1983, alleging that prison officials transferred him to another prison and his property shipped elsewhere in retaliation for the exercise of his First Amendment rights The Court of appeals determined that in an unconstitution motive case (such as retaliation), the plaintiff must establish the defendant's motive by "clear and convincing evidence". The Supreme Court, however, states that this heightened burden of proof was incorrect and unnecessary to defeat a summary Judgment motion by defendants. The Supreme Court vacated the Judgment of the Court of appeals and remanded for further proceeding. Section 1983 provides a cause of action against those who, acting under color of State law, violate federal law, 42 U.S.C. 1983

see; Rodriguez-Cirilo v. Garcia, 115 F.3d 50. (1st cir.
1997). in violation of Mr.Ali's First Amendment
Free Exercise of the Religion Land use and
Institutionalized person act (RLUIPA) 5 and
his Federal and State constitutional Rights.
Exhaustion of administrative remedies under
the PLRA is not jurisdictional, see Santiago,
2000 WL 223830, at 7₋5, But rather is an
affirmative defense See; Jenkins v. Haubert
,79 F.3d 19, (2d cir. 1999) German v. Pena, 88 F.
Supp. 2d U.S. Dist.(216. SDY. Dcc12 2000)
Mr.Ali seeking monetary relief by grievance
form process is improper subject matter for
administrative review. Administrative by the NCF
afford neither meaningful review nor
appropriate remedy. As this Court notice, the
NCF warden left Co.S Watson insult unanswered
and the monetary relief could have been rejected
or other wise been lost in the prison mail as
~~they~~ always. (RLUIPA) address as much more
specific problem than the Habeas statutes
and within that specific area, erects no
Exhaustion barrier and gives this Court
the power to remedy wrongs. NcF warden
16 of 20 and "Doc" commeissioner offer neither meaningful
review nor appropriate, even if mr.Ali "reques slip"

or "grieve" them her Muslim Services. Exibit c of
Mr. Ali's motion for Summary Judgment, inmate Luis Silva
directe hes letter to the commissioner complaining
in part about muslim services, the commissioner never
respond to complaine and he will never respond,
and its always been like that, the "Doc" wants the
uper hands in everything. they know no Cases filed
against the Doc under Section 1983 will not Pass without
exhaustion of administrate Remedies in this Court
as a matter of Law, On August 22, 2007, inmate Dennis
R. Simpson 11 demanded Jumiah services, as well as
inmates Knapp, Silva and now with the pressure
of my Complaine in this Court the NCF still
dent Jumiah services. see; Greene v. Secretary of
public Safety and correction services, 68 Md. App 147
A.2d (md. App, 1986). The Supreme Court has acknowledged
that crodibility Judgment in prison disciplinary hearing
are often between inmates and the committees co-workers
and that they "thus are under obvious pressure to
resolve a diciplinary dispute in favor of the
institution and their fellow employee --- its the
old situational problem of the relationship that
hardly is conducive to a truly adjudicatory
performance". In good faith, Mr. Ali have pursued
his administrative remedies, Page 10 of the State
defendant answer paragraph 14, Defendant

Chaplain Hoyt admits that on October, 2012, he arranged for an Imum associated with the Islamic Society of Grater Manchester to come to the prison to speak with the Muslim inmates on Sunday. And the reason why because Mr. Ali has demanded Muslim Service such as Juminah from the Chaplain, and the lawsuit motivated him to do so, Because their is no more talking to him. See; Lewis v. Mayer, 630 F. Supp. 937 (E.D. Wis. 1986). Even thuo Mr. Ali filed a Grievance withe the NCF Warden their is nothing he could do because the grievance procedure does not meet all the requirement or the remedy Mr. Ali is seeking, money damages. The NCF grievance system whether to the Warden or the Office of the Commissioner because the Commissioner never respond him self even thou the grievance states" commissioner's action" is not fair and effective. The NCF warden knew that Mr. Ali is a Muslim, because on August 15, 2012, via request slip, Mr. Ali requested him to allowe Islamic material throw property. On August 13, 2012, Mr. Ali filed a request slip complaining Corrections Officer insult during Ramadan in which he never rsponse to, see; Defendant Exhibit (G-1) and as well as Mr. Ali's grievance form filed on 8/15/2012, in which he never advise Mr. Ali,

that he may conduct an investigation of the
allegation that happen on August 10, 2012.

## The Fast of Ramadan

" Ramadan is the month wherein the Quran was
revealed for the guidance of mankind and to
serve as the criterion (of right and wrong).
Whosoever of you is present in this month shall
fast it, and whosoever is sick or on a journey shall
fast an equal number of days leate- on": in part.
The NCF operational Bulletin is in violation of
Mr. Ali's Constitutional Rights. By law, the NCF
have no rights "automatically" removing Mr. Ali
for the Ramadan list or Fees. Automatically
means that they don't have to speak with the
Chaplain to remove Mr. Ali from the fasting
fees. And that's what they did, Lt. Massy and
Berwick. And they denied these violation. With
issues of filing a request slip or grievance to
the Commissioner after the warden ping back
his staff action, Mr. Ali knew is no due process by
or come from the Commissioner. Because he does
what the Warden did. Failure to take corrective
actions, forcing Mr. Ali to engage in the empty
formality and relief that the NCF connot
provide. Monetary relief. Dismissing Mr. Ali's claims
with prejudice its bars remedy. Mr. Ali object to
the defendant State Summary Judgment For those

19 of 20

reasons- Conclusion

For the reason the petitioner states and prays that;

1) Deny the State defendant motion for Summary Judgment;

2) Grant the petitioner motion for Summary Judgment as a matter of Law and for further other relief as Just and equitable.

Certificate of Service

I, Dominic Ali hereby certify under penalty of perjury that a copy of this motion has been forwarded to State Attorney Generals Office, this Date 10, 21, 2013.

10/21/2013
Dominic Ali, 81829
138 East Milan Rd
Berlin, NH 03570
0:File.

20 of 20

October 21, 2013

ANGELA POULIN
STATE OF
MY
COMMISSION
EXPIRES
AUGUST 10,
2016
NEW HAMPSHIRE
JUSTICE OF THE PEACE