UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************

| | |
|---|---|
| Dominic Ali, | * |
|     Plaintiff | * |
| | * |
| v. | *   12-cv-00364-SM |
| | * |
| Warden Edward Reilly, Chaplain Dana Hoyt, | * |
| Scott Watson, John Masse, Shanon Berwick | * |
|     Defendants | * |
| | * |

*******************************************

### STATE DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION

NOW COME Warden Edward Reilly, Chaplain Dana Hoyt, Lts. John Masse and Shanon Berwick, and Corrections Officer Scott Watson (together the "Defendants"), by and through their counsel, the Office of the Attorney General, and submit this response to Plaintiff's Objection to the Magistrate's Report and Recommendation, stating as follows:

1.  On October 10, 2013, the Court issued its Report and Recommendation (ECF Doc. 23) recommending that the District Court Judge deny the Plaintiff's motion for summary judgment and grant Defendants' motion for summary judgment.

2.  On October 21, 2013, Plaintiff filed an Objection to the Court Report and Recommendation and Defendants' Summary Judgment (ECF Doc. 24).

3.  For the reasons provided below, Plaintiff's objection is without merit and, therefore, does not warrant any alteration of the Magistrate Judge's October 10, 2013 Report and Recommendation.

4.  First, Plaintiff is not permitted to use an objection to this Court's Report and Recommendation as a vehicle for bringing an otherwise untimely objection to Defendants'

motion for summary judgment.  Local Rule 7.1(b) states: "[o]bjections to summary judgment motions shall be filed within thirty (30) days from the date the motion is served.  The court shall deem waived any objection not filed in accordance with this rule."  Plaintiff failed to respond to Defendants' August 22, 2013 motion for summary judgment (ECF Doc. 20-1) within the time allotted by this Court's rules and did not at any time request an extension from Defendants or the Court.  Instead, the October 24, 2013 objection to the Court's Report and Recommendation is entitled as a dual objection to both the Defendants' motion for summary judgment the Court's Report and Recommendation.  Plaintiff's response far exceeds the thirty day requirement of Local Rule 7.1(b) and, as a result, to the extent the objection challenges facts and law asserted by the Defendants in their motion for summary judgment, the Plaintiff has waived these contentions.   A Plaintiff is not permitted to:

> by-pass the mandate of the applicable federal rules and the local rules, nor can this Court make exceptions and hear generalized arguments simply because the plaintiff did not file a timely opposition to the original motion for summary judgment.  To do so would frustrate the purpose of the Federal Magistrate Judge's Act, which is "to relieve courts of unnecessary work."  *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir. 1980)."  A plaintiff may not simply address the same arguments that the magistrate judge considered and expect the Court to treat the filing seriously.  *Rosado-Lebron v. Comm'r of Soc. Sec.*, 193 F.Supp.2d 415, 418 (D.P.R. 2002) (internal citations omitted).  Instead, a plaintiff ought to explain to the reviewing Court, citing proper authority, why the magistrate judge's application of law to facts is legally unsound.

*Cortes-Rivera v. Dep't of Corr. & Rehab. of P.R.,* 617 F. Supp. 2d 7, 14 (D.P.R. 2009), affirmed *Cortés-Rivera v. Dep't of Corr. & Rehab.,* 626 F.3d 21 (1st Cir. 2010).

5.   Further, Plaintiff is not permitted to present new arguments in his instant objection that were not before the court when it considered the parties' motions for summary judgment.  As stated, Plaintiff failed to respond to Defendants' cross-motion for summary judgment and, consequently, the time has passed for him to present new arguments.  "New

2

arguments, or newly raised evidence, are to be excluded as reconsideration arguments" when they were originally available to movant at the time of the submission to the magistrate judge. *See id.* at *14 (citing *Rosario Rivera v. Puerto Rico Aqueduct & Sewers Auth.,* 331 F.3d 183, 193 (1st Cir. 2003)).

6. Even if, however, the Court were to consider Plaintiff's new arguments, they are unavailing. First, Plaintiff's claims that the Prison Litigation and Reform Act ("PLRA") should not apply because he is seeking monetary relief—something the administrative process could not provide him—is incorrect as his support for this proposition is derived from decisions that were overruled by the Supreme Court. *Booth v. Churner*, 532 U.S. 731, 734-35 (2001) ("[t]he question is whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money. We hold that he must.").

7. Additionally, Plaintiff's assertions that the prison sometimes loses inmate request slips contains neither specific allegations pertaining to a relevant lost request nor are they supported by any competent evidence. Rather, Plaintiff has merely asserted the kind of "conclusory allegations that are insufficient to counter a properly supported summary judgment motion." *See Sweeney v. New Hampshire State Prison et al.* 1:12-cv-00276-SM at *8 (October 28, 2013) (citing *Sánchez-Rodrígez v. AT&T Mobility P.R., Inc.*, 673 F.3d 1, 9 (1st Cir. 2012)).

8. Plaintiff's allegations regarding the "Bureau of Prison Policy" are also inapposite as this federal policy does not apply to the state prison. Further, Plaintiff offers no evidence regarding this argument and does not cite to a particular provision of the federal policy.

9. The Magistrate Judge correctly determined that the Plaintiff failed to exhaust his administrative remedies in regard to each of his claims and thus; the Court should uphold this

determination. If, however, the Court were to turn to the merits of Plaintiff's claims, for the reasons stated in Defendants' motion for summary judgment and supporting memorandum of law, the Defendants are entitled to judgment as a matter of law as to each claim.

10. No memorandum of law is necessary as the applicable authority is stated in the Magistrate's report and recommendation (ECF Doc. 23) as well as Defendants' memorandum of law in support of its cross-motion for summary judgment and objection to Plaintiff's motion for summary judgment (ECF Doc. 20-1).

Respectfully submitted:

WARDEN EDWARD REILLY,
CHAPLAIN DANA HOYT,
SCOTT WATSON,
JOHN MASSE,
SHANON BERWICK

By their attorney,

JOSEPH A. FOSTER
Attorney General

Date: October 31, 2013

/s/ Francis C. Fredericks
Francis C. Fredericks, Jr., Bar No. 21161
Attorney
Nancy J. Smith, Bar No. 9085
Senior Assistant Attorney General
New Hampshire Department of Justice
33 Capitol Street
Concord, New Hampshire 03301-6397
(603) 271-3650
nancy.smith@doj.nh.gov
francis.fredericksJr@doj.nh.gov

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was mailed this 31st day of October 2013, postage prepaid, to:

      Dominic S. Ali, #81829
      Northern NH Correctional Facility
      138 E Milan Rd.
      Berlin, NH  03570


      /s/ Francis C. Fredericks
      Francis C. Fredericks, Jr., Bar No. 21161