United States District Court
for the District of N.H.

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED
2013 NOV 19 P 12:02

Petitioner   Dominic Ali

v.

Defendant   Edward Reilly, N.H. State Prison

Civil NO: 12-cv-364-SM

## Plaintiff's Objection to the States defendant's Reply Memorandum

NOW COMES, Dominic Ali, sui juris, respectfully requests this Honorable Court to grant this Objection for the following reason states below;

On October 10, 2013, this Court issued its report and recommendation (ecF Doc. 23) recommending that the District Court Judge deny Mr. Ali's motion for summary Judgment and grant the States motion for Summary Judgment, that is meritorious, and dispositive.

"The neutrality requirement help to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of facts or the law. At the same time it preserves both the appearance and reality of fairness generating the feeling so important to a popular government that justice has been done, be ensuring that no person will be deprived of his interest in the absences of a proceeding in which he may present his case with assurance, that the arbiter is not predisposed to find against him" (Quotation and citation omitted). See: Ali's Exhibits (B1 to B10)

The object of Summary Judgment is to pierce the boilerplate of the pleading and assay the parties' proof in order to determine whether trial is actually required," See; Davila v. Corporacion de P.R. para la diffusion publica, 498 F.3d 9, (1st cir. 2007). quoting <u>Acosta v. Ames. Dep't Stores, Inc</u>, 386 F.3d 5, (1st cir. 2004). "the nonmovent may defeats a Summary Judgment motion by demonstrating

through submission of evidentiary quality that a trialworthy issues persists".

The Equal protection clause of the fourteenth Amendment requires States to treat similarly situated people alike. It prohibits a state from denying any person within its jurisdiction the equal protection of the law. The Fifth Amendment extends this protection to action taken by the Federal government under the equal protection component of the due process clause. see; "Baker v. Lewis", 2011. U.S. Dist Lex 106859/

On October 21, 2013, Mr. Ali filed an objection to the Court report and recommendation and Defendants' Summary Judgment (ECF Doc. 24). Mr. Ali as a prisoner with less understanding that he is require to object to States defendant Summary Judgment. Mr. Ali thought the Court will identify the States defendants' Statement of Fact and the Honorable Court will contends if their is genuine dispute exists so as to require a trial, After the Court admitts Mr. Ali's properly supported Facts. Mr. Ali is not an attorney and neither that he receive legal advise from an attorney. See; Chesser v. Walton, 2013. U.S. Dist Lexis 66654.

Their is a reasonable probability, that the Court reports and recommendation would have been different if Mr. Ali filed a response to the States defendants motion for Summary Judgment. The Court notice that Glenn did not file a response to the defendant motion for Summary Judgment and their for admitted defendant factual statement, and offer no chance for correction or manifesto. Mr. Ali did not intend to use an objection to this Court report and recommendation as a vehicle for bringing any objection to the States defendant motion for Summary Judgment. That's not true. Mr. Ali for good cause filed his objection in fairness of this Court Judgment, and will not waived any objection to the prejudice States defendant meritless argument or statement, filed on 8/22/2013, See; generally Ford v. McGinnis, 357 F.3d 582 (2cir 04)

With respect of Jumiah services, Mr. Ali reasoning that its senseless to force a prisoner to engage in the empty formality, when his Constitutional Rights been violated every Jumiah in Ambir means Friday prayers. On Octo 17, 2013, Mr. Ali for good faith filed a requests slip to the NCF Office of the Commissioner complaining about Muslim Services, and Ramadan food, the

Office of the Commissioner responded the same way to inmates Simmpson, Knupp, Silva and now Mr. Ali. The "empty formality" and relief that it did not wants to provide – with respect to Ramadan the Commissioner returned Mr. Ali's complaint unaswer. And goes as well with the issues of the NCF removing Mr. Ali from the Ramadan list. Mr. Ali filed a request slip and a grievance form with the warden and it was unaswered. See; Mr. Ali's Exhibit A2 filed on 10/21/2013, with this Court. Its not so smooth as this Court may think it seem, when inmates challenging prison condition of confinement. Their is a discriminatory intent to denie Muslim of their rights by the NCF and retaliation to Mr. Ali's litigation actions. Mr. Ali made an efforts and his request slip and grievance form return unaswer. Mr. Ali exhaust the first two legs of NCF grievance system that is unfair and effective, and the NCF have no independent review by someone who is not under the direct supervision or control of the institution. See; <u>Rocky v. Vittorie</u>, 813 F.2d 734, (5th cir. 1987). Also; <u>Lewis v. Meyer</u>, 630. F. Supp 937 (Ed. Wis. 1986) prisoners who did not fully exhaust within 90 days was given another 90 days to do so, with the Court stay the lawsuit

pending resolution of the grievance to the Commissioner who will not provide Mr. Ali monetary relief with Mr. Ali's complaine of lack of Jumiah services. See; Baugh v. Taylor, 117 F.3d 197 (5th cir. 1997). That this lawsuit would not been filed with this Court due to the waiting games by the NCF to withhold paperwork. Mr. Ali admitts that their is no competent evidence to support this complaine because his evidence of complaine comes from the States defendant who supress these kind of evidence. Regardless of whether Mr. Ali invoked equal protection, fundamental fairness is necessary for due process of law. See; Shah v. Quinlin, 901 F.2d 1241 (5th cir. 1990) also; Arvie v. Stalder, 53 F.3d 705 (5th cir. 1995). Mr. Ali advised this Court on his lawsuit filed on 9/26/12, that Edward Reilly response to his issues with no solution, like always piggy back his staff statement. Mr. Ali showed a substantial effort to obtain an administrative remedy and prayes that this Honorable Court allowed him to amend his complaine if this Court thinks the last leg to the commissioner office may provide Mr. Ali with the relief he seeks. Where its appropriate and its in the interest of justice to stay this

case pending resolution of procedure. And its been filed this Date 11/14/2013, with the commissioner office, issues about the NCF removing Mr. Ali from the Ramdan list and correction officer complaint. See; (Ali's Exhibit A2) filed with this Court. For good cause. This has been a mental stress to Mr. Ali were hes challenging his unconstitutional Conviction in a criminal proceeding by the state defendant in this Court, where Mr. Ali suffered intentional discrimination and hostile environment that is in violation of Mr. Ali's civil Rights act of 1964, where the states defendant abuse its power in a position of authority throw the State of N.H. See; Liner v. Goord, 310 F. Supp. 2d 550 (W.D.NY 04).

Mr. Ali spent his time writing and looking for help in the outside and have records of letters send looking for attorney's help. or advise. thats been nothing but a waiting issues.

## Conclusion

1) For the reason Mr. Ali states that;

For the interest of Justice stay this case pending the last leg of resolution of grievance procedure for 90 days;

2) Deny the States defendant's motion for Summary Judgment;

3) Grant Mr. Ali motion for summary judgment as a matter of law in the interest of Justice for further other relief as Just and equitable.

## Certificate of Service

I, Dominic Ali, hereby certify under penalty of purjury that a copy of this motion has been forwarded to the AG Office in Concord. 11/14/2013.

11/14/13

_____
Dominic Ali 81824
138 East Milan Rd
Berlin, NH 03570
C=file

_____
Angela Poulin, 14, 2013

[Seal: ANGELA POULIN, STATE OF NEW HAMPSHIRE, JUSTICE OF THE PEACE, MY COMMISSION EXPIRES AUGUST 10, 2016]

Dominic Ali 81829
138 East Milan Rd
Berlin, NH 03570

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2013 NOV 19 P 12:02

11/14/13

U.S. Dist Court
55 Pleasant St R110
Concord, NH 03301

Dear Mr. Clerk;

   I would to thank you for your understanding of my satutation. I'm still out of fund to make all copies as required by this Court Rules. I'm doing my best. Would you pleas send the state respondent copy of Ali's Exibit (B10) please, its one of six pag. And their is anyway to know how long the court would issue an opinoin on Doc NO: 185 UL, Ali v. Gerry, Criminal Conviction.

   If you have any question, please write back at any-time.

      Respectfully Submitted,

      [signature]

      11/14/13