# United States Court of Appeals
## For the First Circuit

No. 14-1109

DOMINIC S. ALI,

Plaintiff, Appellant,

v.

EDWARD REILLY, Warden, Northern NH Correctional Facility; DANA HOYT, Chaplain, Northern NH Correctional Facility, a/k/a, FNU Dana Hoyt; SCOTT WATSON, Lieutenant, Northern NH Correctional Facility, a/k/a FNU Watson; JOHN MASSE, Lieutenant, Northern NH Correctional Facility, a/k/a FNU Massy; SHANNON BERWICK, Lieutenant, Northern NH Correctional Facility, a/k/a FNU Berwick,

Defendants, Appellees,

FNU NADEAU, Corporal, Northern NH Correctional Facility,

Defendant.

Before

Howard, Thompson and Barron,
Circuit Judges.

**JUDGMENT**

October 9, 2014

Dominic S. Ali appeals *pro se* from the judgment entered in favor of defendants in his suit filed pursuant to 42 U.S.C. § 1983; the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc et seq.; the First Amendment's Free Exercise Clause; the Fourteenth Amendment's Equal Protection Clause; and two provisions of the New Hampshire Constitution, Part I, Article 5.

"We review the entry of summary judgment de novo, affirming only if the record shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." McGrath v. Tavares, 757 F.3d 20, 25 (1st Cir. 2014). The reviewing court "must draw all reasonable inferences from the record in the light most favorable to the nonmoving party." Id. The district court granted the defendant prison officials' motion for summary judgment because Ali had failed to exhaust his administrative remedies under the Prison Litigation Reform Act

(PLRA), 42 U.S.C. § 1997e(a), regarding: (1) the lack of Jum'ah services at Northern New Hampshire Correctional Facility in Berlin, New Hampshire (NCF); (2) Ali's removal from the 2012 Ramadan fasting list; and (3) the inadequacy of Ramadan food at NCF. See 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007).[1] Exhaustion under the PLRA requires "[c]ompliance with prison grievance procedures." Id. at 218. Among other requirements, prisoners "must file an administrative grievance and, if the resolution of that grievance is unsatisfactory to them, they must exhaust available administrative appeals." Woodford v. Ngo, 548 U.S. 81, 105 (2006) (Stevens, J., dissenting).

The undisputed evidence establishes that Ali did not follow the three-tier administrative process in place at NCF prior to filing suit based on the lack of Jum'ah services, his removal from the Ramadan list, or the inadequacy of the Ramadan food. As such, he has failed to exhaust his administrative remedies under the PLRA. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (the PLRA "clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice").

Ali's argument that he was not required to exhaust NCF's administrative remedies because prison officials failed to answer grievances and/or lost his mail or request slips, rendering the three-tier administrative process unavailable fails, as there is no evidence indicating that NCF did not respond to any particular Inmate Request Slip (IRS) or grievance form, or lost a specific IRS or grievance form. See, e.g., Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when an inmate receives a response to a grievance, administrative remedies were available and he was required to appeal the denial of his grievance within the time frame set by the prison).

Ali's claim that he substantially complied with the grievance process and that he could have fully complied with NCF's administrative procedure had the district court granted him a 90-day extension also fails. This court has not recognized a substantial compliance exception to the exhaustion doctrine, and, the appellate courts that have done so apply the doctrine only "where the cause of action accrued prior to April 26, 1996 ([the] effective date of the PLRA)." Id. Here, it is undisputed that Ali's causes of action accrued after the PLRA's "'invigoration of the exhaustion prescription.'" Id. at 834 (quoting Porter v. Nussle, 534 U.S. 516 (2002)) (brackets omitted); accord Medina-Claudio, 292 F.3d at 36 ("Enacted in 1996, the PLRA eliminated any reference to allowing for the continuance" of a district court action to allow for administrative exhaustion). Therefore, the substantial compliance doctrine is not available to Ali and the district court did not err by not granting Ali 90 days to fully comply. See Medina-Claudio, 292 F.3d at 36 (declining to order a continuance of the proceedings in order for appellant to fully exhaust administrative remedies).

---

[1] Exhaustion of administrative remedies also is required before a prisoner may sue under RLUIPA. See Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005).

Finally, Ali's contention that he did not need to exhaust NCF's administrative remedies because he sought monetary damages, is meritless. Booth v. Churner, 532 U.S. 731 (2001) (PLRA requires administrative exhaustion even where grievance process does not permit award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action).

Having properly dismissed the federal claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Ali's state-law claims. See 28 U.S.C. § 1367(c)(3); see, e.g., Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 55 (1st Cir. 2006).

Affirmed. See 1st Cir. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:   Dominic S. Ali
      Nancy J. Smith
      Elizabeth C. Woodcock